**UNITED STATES of America, Plaintiff,**

v.

**William V. McPHERSON, Jr.,**
**Defendant.**

**No. C–84–763–D.**

United States District Court,
M.D. North Carolina,
Durham Division.

May 13, 1987.

Robert L. Welsh, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

William V. McPherson, Jr., Durham, N.C., for defendant.

**MEMORANDUM OPINION**
**AND ORDER**

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on defendant's Motion for Award of Costs and Attorneys' Fees (February 13, 1987).[1] On

---

1. Defendant originally filed such a motion on July 25, 1986. *See* (Application for Award of Costs and Attorneys' Fees). This Court dismissed the government's claims against defendant on March 21, 1986. *See United States v. McPherson*, 631 F.Supp. 269 (M.D.N.C.1986).

Thereafter, following notice of appeal, the government voluntarily dismissed the action, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. *See United States v. McPherson*, No. 86–1120 (4th Cir. June 25, 1986)(order dismissing the government's ap-

March 21, 1986, the Court dismissed the government's claims for collection against defendant because the property involved had previously been subjected to attachment and execution by a North Carolina state court for which defendant acted as receiver. Since the state court had *required* defendant to deposit the money with the Clerk of Superior Court, the government could not obtain levy against him under 26 U.S.C. § 6332(c). Based on his work in defending himself, the pro se defendant now seeks to recover from the government an attorney's fee of $8,802.00 and costs of $84.76, pursuant to, alternatively, 26 U.S.C. § 7430, 28 U.S.C. § 2412(d), Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2412(b). Finding that a pro se litigant who is an attorney may recover attorney's fees under section 7430 of the Internal Revenue Code, the Court will grant defendant's motion.

## FACTS

Defendant is an attorney who was appointed by the Superior Court of Durham County, North Carolina, on April 21, 1982, to take possession of the assets of a law partnership. Pursuant to a judgment dated December 20, 1982, defendant deposited $9,149.37 of the debtor's money with the Clerk of Superior Court. Two days later, defendant sent written notice by certified mail of the judgment and deposit to the Internal Revenue Service, which was received by the government the next day.

On August 14, 1984, the government filed an action in the United States District Court for the Middle District of North Carolina, seeking to recover the amount of the deposit from defendant personally, pursuant to 26 U.S.C. § 6332(c). Defendant contested the claim *pro se*. Following consideration of a joint stipulation of facts, the Court entered judgment dismissing the government's claims. *See United States v.*

*McPherson*, 631 F.Supp. 269 (M.D.N.C.), *appeal dismissed*, No. 86–1120 (4th Cir. June 25, 1986). Following final judgment, defendant filed Application for Award of Costs and Attorneys' Fees on July 25, 1986. Thereafter, since attempts at settlement failed, defendant filed this motion.

## DISCUSSION

Section 104(b)(4) of the Federal Tax Lien Act of 1966 mandates that "[a]ny person who fails or refuses to surrender any property or rights in property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States...." 26 U.S.C. § 6332(c)(1). However, "[t]axes *cannot* be collected by levy upon assets in the custody of a court, whether or not such custody is incident to a bankruptcy *or* receivership proceeding...." 26 C.F.R. § 301.633–1(a)(3) (1984)(emphasis added). Therefore, on the merits of this case, the Court found that "McPherson [could not] be personally liable for what he was *required* to do by a state court." *McPherson*, 631 F.Supp. at 274 (emphasis added). With this background, the Court proceeds to defendant's motion for attorney's fees.

### I.

Section 292(a) of the Tax Equity and Fiscal Responsibility Act of 1982 provides, *inter alia*, that "the prevailing party [in a civil action for collection of taxes] may be awarded a judgment for *reasonable litigation costs* incurred in such proceeding." 26 U.S.C. § 7430(a) (emphasis added). In addition, the term "reasonable litigation costs" includes "reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding." 26 U.S.C. § 7430(c)(1)(A)(ii)(III). Therefore, nothing else appearing, defendant may recover fees under 26 U.S.C. § 7430.

In its brief, the government argues, "A pro se litigant who is also an attorney is

---

peal). Subsequently, in order to comply with the thirty day jurisdictional filing requirement under 28 U.S.C. § 2412(d)(1)(B), defendant filed a motion for attorney's fees and proceeded, in accordance with Local Rule 210, to commence

consultation with the government regarding settlement of the fees dispute. After such attempts at settlement failed, defendant filed this action on February 13, 1987.

*not* entitled to an award of attorneys' fees under 26 U.S.C. Section 7430." (Response to Defendant's Application for Award of Costs and Attorney's Fees at 8) [hereinafter (Government's Response)] (emphasis added). Basically, it contends that the congressional purpose of removing an obstacle to litigation "is not furthered by allowing an *attorney* an award of fees when he has proceeded pro se...." (*Id.*) (emphasis added). Furthermore, the government argues that "the wording of the Statute does not allow an award of fees which have not been 'paid or incurred.'" (*Id.*). In other words, since the defendant in this case never "paid or incurred" any *actual* attorney's fees to a third person, the Internal Revenue Code does not authorize such an award.

In support of its position, the government offers the case of *Frisch v. Commissioner,* 87 T.C. 838 (1986). In *Frisch,* the Tax Court articulated two bases for its holding that a pro se litigant may not recover attorney's fees under 26 U.S.C. § 7430 even though he may be a lawyer. First, "an individual can be either a pro se litigant *or* an attorney, but *not both.*" *Id.* at 846 (emphasis added). Second, "petitioner did not *pay or incur* fees for legal services." *Id.* (emphasis added). In other words, "petitioner did not become liable to *another* person for attorney fees nor did he bring down upon himself any *debt.*" *Id.* (emphasis added).

■ Although finding no other case law on this issue, the Court considers the *Frisch* reasoning unpersuasive. First of all, an individual *can* be *both* a pro se litigant and an attorney. In this case, defendant ably advocated his case and obtained a dismissal of the government's claims against him. Moreover, defendant *did* incur fees for legal services. As Abra-

ham Lincoln once said, "A lawyer's time and advice are his stock in trade." Clearly, defendant "paid" for his services by foregoing other opportunities for 97.8 hours of his time to defend himself against the government's baseless claims.[2] He is entitled to reasonable litigation cost.

By way of affidavit, defendant sets out the dates, time expended, and description of services rendered in this case. *See* (Defendant's Exhibit A), *attached to* (Supporting Affidavit); (Supplementary Affidavit at 2). The amount of expended time listed amounts to 97.8 hours. In addition, defendant states that he advanced costs in the amount of $84.76. The Court will accept these figures because they are both reasonable and uncontradicted.

■ Furthermore, without objection of the government, defendant offers the rate of $90.00 per hour as reasonable compensation for his services. Although higher than this Court's normal allowance rate of $75.00 per hour for other matters,[3] this amount is not unreasonable; to the contrary, the rate is in fact lower than defendant's normal charge and quite reasonable for an attorney of his skill, background, and experience. *See generally* (Supporting Affidavit). Therefore, using the rate of $90.00 per hour in computing defendant's fee, the Court will award a total of $8,802.00.

## II.

■ Defendant also asserts entitlement to fees under the Equal Access to Justice Act and Rule 11 of the Federal Rules of Civil Procedure. In light of the applicability of the Internal Revenue Code to defendant's claim and his entitlement to fees thereunder, the question of the applicability of defendant's other bases becomes

---

**2.** The Court would note that this is not a case where an attorney representing himself is called upon to advocate his own credibility. Only legal issues were involved in the underlying litigation, as the factual matters had been stipulated.

**3.** In several recent cases, this Court has noted that Seventy-Five Dollars ($75.00) per hour represents a reasonable rate of compensation. *See, e.g., Cross v. Bowen,* No. C–83–1159–S (M.D.N.C. Memorandum Order filed Feb. 6, 1987) [Available on WESTLAW, DCT database]; *Apple v.*

*Bowen,* No. C–85–338–G (M.D.N.C. Memorandum Order filed Jan. 20, 1987) [Available on WESTLAW, DCT database]; *Smith v. Bowen,* No. C–83–950–S (M.D.N.C. Memorandum Order filed Jan. 8, 1987) [Available on WESTLAW, DCT database]. However, those cases all dealt with obtaining a remand for administrative review of a social security claim. This case, on the other hand, involved legal issues requiring special skill and expertise. Therefore, these factors justify a higher rate.

moot. However, the Court would note that section 292(c) of the Tax Equity and Fiscal Responsibility Act of 1982 precludes the application of the EAJA "to costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1954 applies...." 28 U.S.C. § 2412(e). Therefore, it appears that since the Internal Revenue Code provides a basis for an award of attorney's fees, the EAJA does not.

IT IS, THEREFORE, ORDERED that defendant's Motion for Award of Costs and Attorneys' Fees be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant have and recover from the United States an attorney's fee in the amount of Eight Thousand Eight Hundred and Two Dollars ($8,802.00).

IT IS FURTHER ORDERED that defendant have and recover from the United States litigation costs in the amount of Eighty-Four Dollars and Seventy-Six Cents ($84.76).