UNITED STATES of America,
Plaintiff–Appellant,

v.

William V. McPHERSON, Jr.,
Defendant–Appellee.

No. 87–2126.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 5, 1988.

Decided Feb. 25, 1988.

Elaine F. Ferris, Tax Div., Dept. of Justice (Michael C. Durney, Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Tax Div., Dept. of Justice, Washington, D.C., on brief), for plaintiff-appellant.

William V. McPherson, Jr. (McPherson & Maggiolo, Durham, N.C., on brief), for defendant-appellee.

Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.

BUTZNER, Senior Circuit Judge:

The United States appeals the district court's award of attorney's fees under 26 U.S.C. § 7430 to an attorney who appeared *pro se* in a tax case in which the government's position was determined to be unreasonable. The district court found that William V. McPherson, Jr., an attorney, reasonably spent 97.8 hours representing himself and that a rate of $90 an hour was appropriate. Based on these figures, it awarded a fee of $8,202, reasoning that McPherson "paid" for his own services by foregoing other opportunities to earn income.[1] We reverse because section 7430 restricts the allowance of attorney's fees to those actually "paid or incurred."

The facts of the case are not in dispute and need not be reviewed in detail. The government in 1984 brought a collection action against McPherson in which he substantially prevailed. The government concedes, for the purposes of this appeal, that its position in that litigation was unreasonable. The sole issue is whether, in this

---

1. The district court's opinion is reported as *United States v. McPherson,* 660 F.Supp. 298 (M.D.N. C.1987).

situation, an attorney who appeared *pro se* is entitled to collect reasonable fees for the time spent in his own defense.

## I

■ At times pertinent to this case, section 7430 authorized awards of reasonable litigation costs to taxpayers who substantially prevailed in civil tax litigation in which the government's position was unreasonable. Reasonable litigation costs are defined by section 7430(c)(1)(A)(ii)(III) to include "reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding...." [2] Therefore, McPherson's services to himself can only be compensable if they can fairly be described as "fees paid or incurred for the services of attorneys."

Prior to the district court's decision in this case, the only authority interpreting section 7430 in the case of an attorney acting *pro se* was that of the Tax Court, which held in *Frisch v. Commissioner*, 87 T.C. 838 (1986), that such self-help was not compensable. *See also Minahan v. Commissioner*, 88 T.C. 516 (1987) (applying *Frisch*). The Tax Court concluded that neither the text nor the legislative history of the statute justified compensation for "lost opportunity costs." 87 T.C. at 845–46. The court noted that the fee shifting provision of the Equal Access to Justice Act, 28 U.S.C. § 2412, which has been construed by some courts to allow awards to *pro se* attorneys, speaks merely of "reasonable fees and expenses of attorneys," without the limiting requirement that those fees be "paid or incurred." [3] The court reasoned that section 7430, by contrast, was drafted specifically to compensate only actual out-of-pocket expenses or debts which would have to be paid. 87 T.C. at 843–46. [4]

We believe the Tax Court's interpretation of the phrase "paid or incurred" is the correct one. McPherson did not pay any fees for legal services nor incur any debts which remain outstanding. While the government might have chosen to compensate him and other litigants for the time its unreasonable lawsuit costs them, this statute does not do so. It is not improbable, for instance, that an accountant with tax expertise could adequately and successfully represent himself in a tax dispute with the IRS. Just like the lawyer, the accountant acting *pro se* faces real opportunity costs in devoting his time to his own defense rather than profitably working for others. Indeed, even a taxpayer in an unreasonable suit who does retain counsel may often be required to devote substantial time to the case, organizing records, attending depositions, and conferring with an attorney. All these are costs imposed on a citizen by the government's misguided action. Yet this statute cannot possibly be stretched to pay the accountant acting *pro se* or the represented layman for his lost time. In agreement with the Tax Court, we adhere to the plain text of the statute, which requires proof that the taxpayer "paid or incurred fees for the services of an attorney."

## II

■ McPherson also requested fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. In light of its award under § 7430 of the Internal Revenue Code, the district court considered McPherson's EAJA request moot, observing in dicta that it also lacked merit. 660 F.Supp. at 300–01.

It is apparent that McPherson cannot recover fees under the EAJA. As the district court noted, the EAJA expressly excludes from its coverage "any costs, fees,

---

**2.** Section 7430 was amended by the Tax Reform Act of 1986, Pub.L. No. 99–514, by minor changes that do not affect the issue presented by this case.

**3.** We have denied fees to a *pro se* attorney under the Truth in Lending Act, 15 U.S.C. § 1640, which makes provision for "a reasonable attorney's fee." *White v. Arlen Realty & Development Corp.*, 614 F.2d 387 (4th Cir.1980).

**4.** The Tax Court also held that a lawyer acting on his own account is not acting as, or providing the services of, an attorney, a role which by its very definition involves the representation of another. We find it unnecessary to address this alternative ground.

**246**

and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code ... applies." 28 U.S.C. § 2412(e).

■ McPherson offered Rule 11 as a third basis for an award of attorney fees. The district court did not rule on his Rule 11 motion, considering it, like the EAJA claim, moot in light of its award under section 7430.

Section 7430(a) by its terms governs the availability of costs and fees in "any civil proceeding ... brought by or against the United States ... [for the] collection of any tax," a category clearly encompassing the present case. This section prescribes in detail how and under what circumstances fees may be allowed in litigation over federal taxes. This precision would be pointless if fees could also be awarded in such cases under Rule 11 standards. For this reason, section 7430 must be considered the only waiver of sovereign immunity in this context, and the exclusive authority for an award of attorney's fees in the class of cases described by § 7430. Rule 11 does not afford McPherson a basis for recovery.

The judgment of the district court is reversed, and the case is remanded with directions to deny the application for attorney fees.