940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ICHARD A. VAUGHN, DDS, P.C., Plaintiff-Appellant,
v.
Frederick G. BALDWIN, Defendant-Appellee.
 No. 90-1847.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 In civil actions where one of the parties is "the United States"--defined to include "any agency and any official of the United States acting in his or her official capacity"--the Equal Access to Justice Act, 28 U.S.C. Sec. 2412, allows a prevailing party other than the United States to recover attorney fees if the position of the United States was not substantially justified. Under the Internal Revenue Code, similarly, a prevailing party may recover attorney fees in any proceeding "brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under [the Internal Revenue Code]...." 26 U.S.C. Sec. 7430.
 
 
 2
 The case at bar was filed against an Internal Revenue Service employee as "an individual." The question presented on appeal is whether attorney fees ought to have been awarded against him under either of the statutes cited above. The answer, we think, is no.
 
 
 3
 * In 1988 Richard A. Vaughn, DDS, P.C., a Michigan corporation, was under investigation by the Internal Revenue Service for possible violation of the federal tax laws. In connection with this investigation Frederick G. Baldwin, an IRS agent, issued a summons to Dr. Vaughn, the president of the corporation, calling for production of certain books and records. Dr. Vaughn voluntarily turned over thousands of documents late in 1988, agreeing to let the IRS make copies.
 
 
 4
 Dr. Vaughn's corporation made a formal request for return of the documents in May of 1989, after several informal requests had proved unavailing. The request was refused. The corporation thereupon sued Mr. Baldwin in federal court, seeking an order that the books and records be returned immediately.
 
 
 5
 In the title of the action, as set forth in the caption of the complaint, the defendant was identified as "FREDERICK G. BALDWIN, an individual." Although the body of the complaint stated that Mr. Baldwin was an employee and agent of the Internal Revenue Service, it did not state that he was being sued in his official capacity. On the contrary, the opening sentence of the complaint stated that the plaintiff corporation was proceeding "against the above-named Defendant"--i.e. against Frederick G. Baldwin, "an individual."
 
 
 6
 Mr. Baldwin promptly filed an answer in which he pleaded as a defense that "[t]he proper party defendant is the United States, not the individual defendant." Although the fact that the United States had not been joined as a party was thus clearly brought to its attention, the plaintiff made no attempt to amend its complaint.
 
 
 7
 By late July, 1989, all of the documents had been returned without a court order having been entered. The plaintiff subsequently moved for costs and attorney fees pursuant to 26 U.S.C. Sec. 7430. Without objection from defendant Baldwin, the motion was later amended to ask that attorney fees be awarded "against Defendant or the United States of America pursuant to 26 USC 7430 [and/or] the Equal Access to Justice Act, 28 USC 2412."
 
 
 8
 In a memorandum opinion and order entered on July 24, 1990, the district court denied the plaintiff's motion. The court noted as a preliminary matter that all of the plaintiff's records had been returned between June 12 and July 25, 1989, as a result of which "the lawsuit ... is now moot." Nonetheless, and despite the denial of the motion for award of attorney fees, the court's order did not expressly dismiss the action. The plaintiff assumed that the order represented a final judgment, and it filed a notice of appeal six days later.
 
 
 9
 At oral argument we raised a question as to whether the order was in fact final. Soon thereafter, at the instance of the plaintiff, the district court entered a clarifying order in which it stated that the "July 24, 1990 Memorandum Opinion and Order in this case was a final judgment which closed the case."
 
 II
 
 10
 In light of the clarifying order, we construe the order of July 24, 1990, as a final judgment from which an appeal may be taken under 28 U.S.C. Sec. 1291. The finality requirement is to be given a practical rather than a technical construction, see Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 171 (1974), and it is clear that like the parties themselves, the district court viewed the lawsuit as having ended.
 
 
 11
 We also conclude that the parties have waived the requirement of Rule 58, Fed.R.Civ.P., that the judgment be set forth on a separate document. See Whittington v. Milby, 928 F.2d 188, 192 (6th Cir.1991) (parties waive the separate judgment requirement where (1) it is clear that the district court intended its memorandum to be the final decision in the case, (2) the memorandum is properly entered on the docket, and (3) the appellee does not object to an appeal being taken).
 
 
 12
 We turn now to the merits of the attorney fee question. As far as Sec. 7430 of the Internal Revenue Code is concerned, the plain language of the statute requires that the proceeding be one "brought by or against the United States...." An action against Frederick G. Baldwin, "an individual," is clearly not an action against the United States. As the district court correctly held,
 
 
 13
 "This action was not brought against the United States, but rather against defendant Frederick Baldwin. Therefore, recovery pursuant to Sec. 7430 is inappropriate."
 
 
 14
 As far as the Equal Access to Justice Act is concerned, defendant Baldwin cites United States v. McPherson, 840 F.2d 244 (4th Cir.1988), for the proposition that Sec. 7430 of the Internal Revenue Code is the exclusive authority for awarding attorney fees in tax-related litigation. Attorney fees cannot be awarded in such litigation under the Equal Access Act, Baldwin argues, because section (e) of the Act, 28 U.S.C. Sec. 2412(e), says that "[t]he provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1954 applies...."
 
 
 15
 We do not find Mr. Baldwin's argument persuasive. Section (e) of the Equal Access Act does not, by its terms, preclude application of the Act to the fees at issue here; this case is not one "brought by or against the United States," as we have seen, and thus it cannot be a "proceeding to which section 7430 of the Internal Revenue Code of 1954 applies."
 
 
 16
 United States v. McPherson presented a very different situation. McPherson was an action brought by the United States, as the title indicates. It was a tax case, so the taxpayer's right to attorney fees was unquestionably governed by Sec. 7430. The McPherson court simply held that Sec. 7430 restricted the allowance of attorney fees to fees actually "paid or incurred" (see Sec. 7430(c)(1)(B)(III))--and because the proceeding was one to which Sec. 7430 applied, the court went on to hold, section (e) of the Equal Access Act meant that the Act could not be invoked to circumvent the restriction. The reasons that led the Fourth Circuit to apply section (e) in McPherson in no way suggest that section (e) should be applied in the case at bar.
 
 
 17
 But the inapplicability of section (e) does not necessarily mean that the rest of the Equal Access Act applies here. In fact, we believe, it does not. The Equal Access Act does not apply here for the same reason that Sec. 7430 of the Internal Revenue Code does not apply; this is simply not an action brought by or against the United States.
 
 
 18
 Section (b) of the Equal Access Act provides, in pertinent part, as follows:
 
 
 19
 "Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. Sec. 2412(b).
 
 
 20
 Section (d)(1)(A) of the Act goes on to provide as follows:
 
 
 21
 "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 22
 Section (d)(2)(C) of the Act provides that for the purposes of section (d), " 'United States' includes any agency and any official of the United States acting in his or her official capacity...."
 
 
 23
 Nothing in the Equal Access Act provides for the award of attorney fees in actions where the parties do not include the United States, or an agency of the United States, or an official of the United States acting in his or her official capacity. A person sued as "an individual" has not been sued in his or her official capacity, of course, and where such an individual represents the only link to the United States, the individual can neither recover attorney fees under section (b) of the Equal Access Act nor be subjected to an award of attorney fees under section (d)(1)(A) of the Act. See Saxner v. Benson, 727 F.2d 669, 673 (7th Cir.1984) (plaintiffs not entitled to attorney fees under the Equal Access Act where the United States was not named as a defendant and the plaintiffs specified that they sued the defendants, officials of the United States, in their individual capacities), aff'd sub nom. Cleavinger v. Saxner, 474 U.S. 193 (1985).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation