John L. CORRIGAN, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

John L. CORRIGAN, Plaintiff–Appellee,

v.

UNITED STATES of America,
Defendant–Appellant.

Nos. 92–36563, 92–36626.

United States Court of Appeals,
Ninth Circuit.

Submitted February 2, 1994 *.

Decided June 22, 1994.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

John L. Corrigan, pro se, plaintiff-appel-lant-cross-appellee.

S. Robert Lyons, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-ap-pellee-cross-appellant.

Before: WRIGHT, REAVLEY,** and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

In this tax refund case the Internal Revenue Service (IRS) asks us to reverse the district court's grant of attorney fees in-

** Honorable Thomas M. Reavley, Senior United States Circuit Judge, Fifth Circuit, sitting by designation.

curred by a *pro se* plaintiff prior to the preparation and filing of the instant complaint. The taxpayer, *pro se,* asks us to reverse the district court's denial of his request for attorney fees under 26 U.S.C. § 7430 (1988) ("I.R.C. § 7430" or "§ 7430"). We affirm in part and reverse in part.

## FACTS AND PRIOR PROCEEDINGS

John L. Corrigan (Taxpayer) worked as an office manager for a company that went out of business owing the IRS approximately $35,000 in Social Security and income taxes withheld from employees' wages. The IRS tried to collect from the owners of the company and from Taxpayer. The IRS applied Taxpayer's income tax refund of approximately $900 to his former employer's tax liability. Taxpayer retained counsel in an effort to recover this money, but the parties were unable to come to an agreement. Taxpayer dismissed his counsel.

Taxpayer, appearing *pro se,* filed this action in federal district court, claiming a refund of the $900. The parties filed cross motions for summary judgment. The district court granted Taxpayer's motion for summary judgment and granted him reasonable litigation costs, including attorney fees for the preliminary work done by Taxpayer's attorney. The district court denied his request for attorney fees as a *pro se* litigant. Both parties have appealed from the rulings.

I. No. 92–36626. Attorney Fees for Preliminary Work

The IRS appeals from the district court's award of $1,567.70 as attorney fees incurred prior to the preparation of the complaint.

Taxpayer argues that the current version of I.R.C. § 7430 controls this issue.[1] However, because this action was filed before November 10, 1988, the 1986 version of § 7430

1. I.R.C. § 7430(a) (1988) authorizes an award of "reasonable litigation costs," and an award of "reasonable administrative costs." Taxpayer ar-

applies.[2] The 1986 version is substantively identical to the 1982 version. Applying the 1982 version in *Sliwa v. Commissioner*, 839 F.2d 602 (9th Cir.1988), we stated "[i]t is clear that only 'litigation costs,' that is, only those costs and fees actually incurred in and after preparing and filing the petition in the [district] court, may be recovered under the statute. 26 U.S.C. § 7430(a), (c)." *Id.* at 607.

The only attorney fee incurred by Taxpayer was for work done prior to litigation. The Taxpayer himself prepared and filed the complaint. Accordingly, the district court abused its discretion in awarding attorney fees as litigation costs.

## II. No. 92–36563. Attorney Fees for *Pro Se* Litigant

■ Taxpayer argues that he is entitled to receive payment for the time he spent representing himself in this action. We have not previously expressly decided whether a *pro se* litigant may receive attorney fees under I.R.C. § 7430.[3] However, we conclude that the district court correctly denied attorney fees.

Other circuits have declared that a *pro se* litigant cannot receive attorney fees under I.R.C. § 7430. *United States v. McPherson*, 840 F.2d 244, 245 (4th Cir.1988) (*pro se* attor-

ney unable to collect attorney fees under § 7430 because attorney fees were not paid or incurred); *McCormack v. United States*, 891 F.2d 24, 25 (1st Cir.1989) (applying the 1986 version and following *McPherson*). Taxpayer attempts to distinguish *McPherson* because it was decided under the 1982 version of § 7430, rather than the 1988 version. For the reasons noted above, the 1986 version of § 7430 applies to this action.

Moreover, under either the 1982, 9186, or 1988 version of § 7430, Taxpayer must first "pay or incur" attorney fees before the court can grant them. *See* I.R.C. § 7430(c)(1)(B)(iii) (1988); I.R.C. § 7430(c)(1)(A)(ii)(III) (1986); I.R.C. § 7430(c)(1)(A)(iv) (1982) (relevant language identical in all three versions). A *pro se* litigant does not pay or incur attorney fees. Thus, attorney fees are not available to *pro se* litigants under I.R.C. § 7430.

■ Taxpayer argues in the alternative that he should be paid for his time under § 7430(c)(1)(B)(ii) (1988), which is identical to § 7430(c)(1)(A)(ii)(II) (1986). These subsections provide for reimbursement for "the reasonable cost of any study, analysis, ... or project which is found by the court to be necessary for the preparation of the party's case...." Taxpayer draws our attention to the "study, analysis, ... or project" portion

gues that his costs must be reimbursable under at least one of these subsections.

**2.** The 1988 amendment to § 7430 applies to suits commencing after November 10, 1988. *See* Technical and Miscellaneous Revenue Act of 1988, § 6239(d), Pub.L. No. 100–647, 102 Stat. 3342, 3746 (1988); *Huffman v. Commissioner*, 978 F.2d 1139, 1140 n. 1 (9th Cir.1992).

    I.R.C. § 7430 (1986) provides in part:
    (a) In general.—In the case of any civil proceeding which is—
      (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and
      (2) brought in a court of the United States,
    ....
    the prevailing party may be awarded a judgment ... for reasonable litigation costs incurred in such proceedings.
    ....
    (c) Definitions—For purposes of this section—
      (1) Reasonable litigation costs.
      (A) In General.—The term "reasonable litigation costs" includes—

      (i) reasonable court costs, and
      (ii) based upon prevailing market rates for the kind or quality of services furnished—
      ....
      (II) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and
      (III) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding
      ....

**3.** In *Merrell v. Block*, 809 F.2d 639 (9th Cir. 1987), we held that a *pro se* litigant cannot receive attorney fees under the Equal Access to Justice Act ("EAJA") because "Congress intended that an attorney have been retained for a prevailing *pro se* litigant to recover attorneys fees under the EAJA." *Id.* at 642. "The reasoning employed by the courts under the attorney's fees provision of the Equal Access to Justice Act applies equally to review under section 7430." *Huffman v. Commissioner*, 978 F.2d 1139, 1143 (9th Cir.1992) (involving an award of attorney fees to a litigant represented by counsel).

of this provision. However, again, this provision is designed to reimburse a party for *actual* costs incurred. Taxpayer has incurred no costs except for lost opportunity costs and his own effort. Lost opportunity costs are not reimbursable under § 7430. *McPherson,* 840 F.2d at 245; *Frisch v. Commissioner,* 87 T.C. 838, 845–46, 1986 WL 22038 (1986) (attorney appearing *pro se* ineligible to receive attorney fees under § 7430).

The district court did not abuse its discretion in denying attorney fees to Taxpayer as a *pro se* litigant.

## CONCLUSION

We reverse the district court's decision granting Taxpayer's request for attorney fees incurred prior to the preparation of the complaint. We affirm the district court's denial of attorney fees to Taxpayer as a *pro se* litigant.