T.C. Summary Opinion 2002-53

UNITED STATES TAX COURT

PETER J. TKAC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3556-00S.                    Filed May 14, 2002.

Peter J. Tkac, pro se.

Roger W. Bracken, for respondent.

GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.[1]  The decision to be
entered may not be reviewed by any other court, and this opinion
should not be cited as authority.

_____

[1] All subsequent section references are to the Internal
Revenue Code as amended, unless otherwise indicated.

On November 14, 2001, this Court issued T.C. Summary Opinion 2001-175, in which we held that we did not have jurisdiction in a lien and levy action over section 6702(a) frivolous income tax return penalties for the 1994, 1995, and 1996 tax years. We also held that, because of respondent's concession, respondent may not collect petitioner's unpaid and outstanding income tax liability for 1992 with respect to the notice of intent to levy respondent issued as to that year.

On January 25, 2002, petitioner's motion for costs was filed in which he sought an award of $3,555 for administrative and litigation costs under section 7430.[2] Petitioner's $3,555 claim may be broken down into two major categories comprising $3,000 for petitioner's time of 120 hours at $25 per hour and $555 for claimed expenditures for costs, travel, and legal fees. The $555 may be further particularized as follows: "Professional Legal assistance from lawyer (2 hours @ $100 per hour)--[$]200 * * * Materials needed for case preparation-- [$]245 * * * Court Cost--[$]60 * * * Travel, copy, and postage cost--[$]50". Respondent objects to the reasonableness and amount of petitioner's claim. Respondent also contends that there should be no recovery of costs and fees, because petitioner has protracted the proceeding.

---

[2] Petitioner's motion for costs was filed after respondent posed no objection to petitioner's motion to vacate the Court's order and decision entered Nov. 20, 2001.

Section 7430 enables the prevailing party in any administrative or court proceeding to recover reasonable administrative costs incurred in the administrative proceeding and reasonable litigation costs incurred in the court proceeding. Sec. 7430(a); <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 436 (1997). There are various requirements that a party must meet to be entitled to an award for costs. Respondent agrees that "petitioner is the prevailing party and entitled to reasonable litigation costs only, insofar as petitioner incurred the litigation costs claimed and did not protract the court proceeding."

In so agreeing, respondent has admitted that his position was not substantially justified during the administrative and the litigation proceedings.[3] Respondent also admits that petitioner meets the net worth requirements and that petitioner has exhausted the administrative remedies available in connection with the collection hearing. Accordingly, the only questions that remain for our consideration are whether petitioner unreasonably protracted the Tax Court proceeding and whether petitioner's claimed costs are reasonable.

---

[3] We note that respondent bears the burden on this element. Sec. 7430(c)(4)(B).

Are Petitioner's Claimed Costs Reasonable?

The first category of costs we consider is petitioner's claim for his time (at $25 per hour) for his preparation and participation in the administrative and litigation proceedings. Petitioner's allowable costs include only those expenses actually "paid or incurred", and "lost opportunity costs" may not be recovered.  United States v. McPherson, 840 F.2d 244, 245 (4th Cir. 1988); Frisch v. Commissioner, 87 T.C. 838, 846 (1986).  Accordingly, petitioner is not entitled to recover the $3,000 portion of his claim attributable to the time he spent engaged in the administrative proceeding and this litigation.

With the exception of petitioner's $60 petition filing fee, respondent contends that the remaining amounts petitioner claimed are not recoverable because petitioner failed to establish that he paid those costs or incurred them in pursuit of the administrative proceeding or the litigation.  We consider each part of the $555 portion of petitioner's claim separately.

Petitioner claims $200 for "Professional Legal assistance from lawyer (2 hours @ $100 per hour)".  Petitioner is pro se and has not presented any detail regarding the billing of the alleged legal services.  If petitioner had been represented in this case, his attorney's detailed billing records would have been a prerequisite to the allowance of an award for the attorney's fees.  We cannot permit a lesser standard for the

recovery of attorney's fees for consultation outside of representation in the proceeding. Accordingly, we agree with respondent and deny petitioner's $200 claim for legal fees because of his failure to provide sufficient detail from which to determine whether the claim for legal fees is reasonable.

We next consider petitioner's claim of $245 for materials used in litigation and $50 for travel, postage, and copying costs. Again, respondent argues that petitioner should not be allowed to recover any costs unless they are substantiated. In addition, respondent argues that petitioner is, in any event, not entitled to recover his costs for travel. With respect to travel expenses, this Court has held that such expenses are not recoverable under section 7430. Mason v. Commissioner, T.C. Memo. 1998-400; Buck v. Commissioner, T.C. Memo. 1993-16. Accordingly, petitioner is not entitled to recover his mileage expenses in pursuing this matter.

Section 7430 does not require any particular level of substantiation in order for a prevailing party to be entitled to recover costs. Although petitioner has not provided the Court with supporting evidence of any expenditure, the Court's file does reflect that petitioner incurred expenses for postage and copying expenses. On the basis of information contained in the record, we conclude that petitioner incurred $100 for copying and postage.

Did Petitioner Unreasonably Protract the Court Proceeding?

Section 7430(b)(3) provides that no litigation costs may be awarded with respect to any portion of a court proceeding during which the prevailing party has protracted the proceeding. If respondent is successful in this argument, petitioner could be precluded from recovery of the $100 we have found was incurred for copying and postage and the $60 that respondent conceded that petitioner incurred for filing his petition in this proceeding.

The essence of respondent's argument on this point is that petitioner's position and, hence, his meetings with respondent were based on frivolous arguments/positions. With respect to the section 6702(a) frivolous income tax return penalties for the 1994, 1995, and 1996 tax years, we have held that we lack jurisdiction to consider those liabilities. With respect to the 1992 income tax liability respondent conceded the income tax deficiency and has admitted that his position was not substantially justified. Petitioner's need to file a petition and his costs for postage and copying would have been incurred to pursue the 1992 income tax liability irrespective of whether the section 6702(a) penalties were involved. To the extent that respondent conceded the 1992 income tax liability, petitioner's claim did not protract the proceeding.

Accordingly, petitioner is entitled to costs of $160 under section 7430.

To reflect the foregoing,

An appropriate order and decision will be entered.