122 T.C. No. 14

UNITED STATES TAX COURT

VICTOR & JUDITH A. GRIGORACI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8784-01.                     Filed March 25, 2004.

Ps sought redetermination under sec. 6213, I.R.C., of
a deficiency for tax on self-employment income from a
partnership in which H was an indirect partner.  Following
<u>Grigoraci v. Commissioner</u>, T.C. Memo. 2002-202 (Grigoraci
I), which involved a similar issue for Ps' earlier tax year,
this Court dismissed the instant case for lack of
jurisdiction.  Ps seek reasonable litigation and
administrative costs allegedly incurred in Grigoraci I as
well as in the instant proceeding.  Ps also seek punitive
damages against R.

<u>Held</u>:  Pursuant to sec. 7430, I.R.C., we cannot in this
proceeding award Ps litigation and administrative costs
incurred in connection with the proceedings in Grigoraci I.
<u>Held</u>, <u>further</u>, Ps have failed to establish that they
incurred litigation and administrative costs in this
proceeding apart from a $60 filing fee.  <u>Held</u>, <u>further</u>, this
Court lacks jurisdiction to award punitive damages against
R.

Victor & Judith A. Grigoraci, pro sese.

Mary Ann Waters, for respondent.

OPINION

THORNTON, Judge:  This case is before us on petitioners'
motion for reasonable litigation and administrative costs
pursuant to section 7430 and Rule 231.[1]

Background

Mr. Grigoraci is a certified public accountant and the chief
executive officer (C.E.O.) of an accounting partnership,
Grigoraci, Trainer, Wright & Paterno (GTWP).  On December 1,
1995, Mr. Grigoraci formed Victor Grigoraci CPA Accounting Corp.
as an S corporation (the S corporation) for the purpose of acting
as a partner (with two other corporations) in GTWP.  On their
1997 and 1998 joint Federal income tax returns, petitioners
reported certain distributions from the S corporation,
essentially representing passthroughs to Mr. Grigoraci of the S
corporation's distributive shares of GTWP's income.

By notice of deficiency dated April 13, 2001, respondent
determined that the amounts petitioners had reported as the S
corporation's distributions actually represented Mr. Grigoraci's

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.  All references
to sec. 7430 are to that section as in effect when the petition
was filed.

personal service income and were subject to self-employment tax.
Petitioners duly petitioned this Court to redetermine the
determined deficiencies in their 1997 and 1998 income taxes.

Before the scheduled trial in the instant case, this Court
issued its decision in <u>Grigoraci v. Commissioner</u>, T.C. Memo.
2002-202 (Grigoraci I), involving similar issues relating to
petitioners' 1996 taxable year.[2]  In Grigoraci I, this Court
concluded, among other things, that the self-employment tax
determined by respondent, insofar as it was attributable to self-
employment tax on the S corporation's distributive share of
GTWP's income, was an "affected item" requiring a "partner-level
determination" pursuant to section 6230(a)(2).  Because the
notice of deficiency in Grigoraci I was issued before the close
of the partnership proceedings, this Court dismissed for lack of
jurisdiction so much of petitioners' case as related to that
affected item.[3]  <u>Id.</u>

---

[2] The trial in Grigoraci I took place in April 2001 before
petitioners filed their petition in the instant case, which
apparently explains why the instant case was not consolidated
with the three dockets that were consolidated in Grigoraci I.

[3] In Grigoraci I, unlike the instant case, the deficiency
determined by respondent was also partly attributable to self-
employment tax on wages that the S corporation had reported
paying to Mr. Grigoraci.  In Grigoraci I, this Court held that
this discrete portion of the deficiency was not attributable to
an "affected item" and that consequently this Court had
jurisdiction to review it pursuant to sec. 6213.  This Court held

(continued...)

On January 16, 2003, petitioners filed a motion for entry of decision in this case on the basis of this Court's holding in Grigoraci I. In their motion, petitioners asserted that in this case, as in Grigoraci I, the related partnership-level proceeding had not been completed. In his response, filed February 7, 2003, respondent stated that he had no objection to petitioners' motion for entry of decision. On March 26, 2003, this Court entered an order of dismissal for lack of jurisdiction, denying petitioners' motion for entry of decision and dismissing this case for lack of jurisdiction, consistent with this Court's jurisdictional holding in Grigoraci I.[4]

On May 9, 2003, petitioners filed a motion for reasonable litigation and administrative costs, with supporting affidavits. On August 1, 2003, respondent filed his response. Pursuant to this Court's Order dated September 22, 2003, on November 6, 2003, petitioners filed additional supporting affidavits and a reply to respondent's response. On December 15, 2003, respondent filed a response to petitioners' last-mentioned filing.

---

[3](...continued)
in Grigoraci I that the Grigoracis properly reported this income as wages from the S corporation and owed no self-employment tax on it.

[4] By Order dated May 9, 2003, we vacated our order of dismissal for lack of jurisdiction entered Mar. 26, 2003, pending resolution of petitioners' motion for reasonable litigation and administrative costs.

The parties agree that an evidentiary hearing is not required.  We base our decision on the pleadings, petitioners' motion for litigation and administrative costs, petitioners' supporting affidavits, and the various responses and counter-responses filed by the parties.

Discussion

A.  Background

Section 7430(a) allows, in specified circumstances, for an award of reasonable litigation and administrative costs "incurred" in an administrative or court proceeding brought against the United States in connection with the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code.  This award for costs is generally available only if the taxpayer is the "prevailing party", did not unreasonably protract the administrative or judicial proceedings, and exhausted available administrative remedies.[5]  Sec. 7430(a); see sec. 7430(b)(1) and (3).

Respondent concedes that petitioners are the "prevailing party" in this matter, that they did not unreasonably protract the proceedings, and that they exhausted all administrative remedies.  Respondent also concedes that petitioners are entitled to recover the $60 fee for filing their petition in this case.

---

[5] We may award costs pursuant to sec. 7430 even though we decide that the underlying case should be dismissed for lack of jurisdiction.  Weiss v. Commissioner, 88 T.C. 1036 (1987).

The only dispute is what additional amount of reasonable costs, if any, petitioners may recover pursuant to section 7430.

In general, petitioners bear the burden of proving that they meet the requirements of section 7430.  Rule 232(e); Grant v. Commissioner, 103 F.3d 948, 952 (11th Cir. 1996), affg. per curiam T.C. Memo. 1995-374; Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).

B.  Petitioners' Claimed Litigation and Administrative Costs

Petitioners request an award for the following claimed costs and fees:

1.  Administrative personnel expenses of $5,395.[6]  These claimed expenses consist of charges for professional services rendered by Pamela S. Lyons, who is a secretary for GTWP, Gina West (a.k.a. Gina Grigoraci), who is the office manager for GTWP, and three other GTWP secretaries.  The supporting affidavits indicate that all these GTWP employees were acting under the "direct supervision" of petitioner Victor Grigoraci.  The supporting affidavits also indicate that the charges were based on the time billed by these employees, using the lowest "customary" GTWP billing rates for the relevant time periods.[7]

---

[6] This amount includes $240 of secretarial expenses that petitioners allege they have incurred defending their request for litigation and administrative costs.

[7] The affidavits indicate that the rates increased over time from $38 per hour to $40 per hour.

2.  Miscellaneous expenses of $536.50.  These expenses are itemized in Ms. Lyons's affidavit, which describes "<u>estimates</u> of various other expenses incurred" as follows:

| | |
|---|---|
| Copying (600 pages @ $.50 per page) | $300.00 |
| Postage & Federal Express Charges | 125.00 |
| Transcript from U.S. Tax Court | 36.50 |
| Long distance telephone calls | <u>75.00</u> |
| Total | 536.50 |

3.  "Filing fees" of $180.  Petitioners have not further described these fees.

C.  <u>Costs Relating to Grigoraci I Proceedings</u>

As a threshold matter, we note that some of the litigation and administrative costs that petitioners have claimed relate to the proceedings in Grigoraci I.  In particular, the affidavits that petitioners have submitted in support of their motion for litigation and administrative costs specify that $3,800 of the claimed $5,395 of administrative personnel expenses was incurred with respect to the proceedings in Grigoraci I.  Moreover, all but $60 of the claimed filing fees appear to relate to the Grigoraci I proceedings.[8]  In addition, it appears that an

---

[8] Petitioners have not itemized the $180 of "filing fees" that they have claimed.  We take judicial notice that when petitioners filed their petition in this case on July 11, 2001, the fee for filing a petition in this Court was $60.  Petitioners have failed to establish that they incurred more than $60 of filing fees in this proceeding.  We find as a fact that only $60 of the claimed filing fees relates to the instant proceeding.

indeterminate part of the claimed miscellaneous expenses relates to the proceedings in Grigoraci I.[9]

Petitioners contend that costs incurred in connection with the proceedings in Grigoraci I are recoverable in the instant proceeding because they "were vital to the defense against" respondent's determination in the instant proceeding.  We disagree.

Section 7430(a) provides in relevant part that "In any administrative or court proceeding" the prevailing party may be awarded a judgment for reasonable administrative costs incurred "in connection with such administrative proceeding" and for reasonable litigation costs incurred "in connection with such court proceeding".  (Emphasis added.)  Under the plain language of the statute, then, we may award only such administrative or litigation costs as were incurred in connection with the instant proceeding.  We cannot in this proceeding award litigation and administrative costs incurred in connection with the proceedings

---

[9] Ms. Lyons's affidavit, which itemizes the estimated miscellaneous expenses, specifically allocates her hours of secretarial services between the proceedings in Grigoraci I and the instant case, but does not similarly allocate the estimated miscellaneous expenses, from which we infer that the estimated miscellaneous expenses relate to both the instant case and the proceedings in Grigoraci I.  This inference is supported by the fact that the estimated miscellaneous expenses include a $36.50 item for "Transcript from U.S. Tax Court".  The instant proceeding, unlike the proceedings in Grigoraci I, has involved no hearing for which a transcript has been produced.

in Grigoraci I, whether or not those costs ultimately might have helped petitioners prevail in this proceeding.[10]

Accordingly, we cannot award petitioners the $3,800 of claimed administrative personnel expenses that they acknowledge relate to the proceedings in Grigoraci I or filing fees beyond the $60 fee for filing the petition in this case.  In addition, petitioners have not shown what part, if any, of the estimated miscellaneous expenses relate to the instant proceeding.  If this were the only problem with petitioners' claim for miscellaneous expenses, we might attempt to make a reasonable allocation of these expenses to the instant proceeding.  Cf. <u>Malamed v. Commissioner</u>, T.C. Memo. 1993-1.  Such an allocation would serve no purpose, however, for as discussed more fully below, petitioners have not established that they "incurred" these miscellaneous expenses (or any of the administrative personnel expenses) within the meaning of section 7430.

---

[10] Moreover, petitioners do not explain why they failed to file a timely motion for reasonable litigation and administrative costs as part of the proceedings in Grigoraci I.  Under Rule 231(a)(2), a taxpayer claiming litigation and administrative costs must file a motion with the Tax Court within 30 days after the service of a written opinion determining the issues in the case.  If we were to award petitioners costs incurred in connection with the proceedings in Grigoraci I, we would effectively permit petitioners to avoid the 30-day requirement of Rule 231(a)(2).

D.  Meaning of "Incurred"

Awards of costs and fees under section 7430(a) are limited to administrative costs "incurred" and reasonable litigation costs "incurred".  In this context, the word "incur" carries its ordinary meaning:  "to become liable or subject to:  bring down upon oneself."  Frisch v. Commissioner, 87 T.C. 838, 846 (1986) (holding that an attorney acting pro se was ineligible to receive attorney's fees because he "did not become liable to another person for attorney fees nor did he bring down upon himself any debt"); see also Corrigan v. United States, 27 F.3d 436, 438–439 (9th Cir. 1994); United States v. McPherson, 840 F.2d 244 (4th Cir. 1988); Andary-Stern v. Commissioner, T.C. Memo. 2002-212; Austin v. Commissioner, T.C. Memo. 1997-157.  "Fees and expenses are incurred when there is a legal obligation to pay them." Republic Plaza Props. Pship. v. Commissioner, T.C. Memo. 1997-239 (holding that the petitioning tax matters partner had failed to establish a legal obligation to pay any of the litigation costs at issue); see also Kruse v. Commissioner, T.C. Memo. 1999-157 (holding that the taxpayers had not incurred liabilities for fees and costs for which they were contingently liable).

All the costs for which petitioners seek an award (except for the filing fees) represent charges for professional services provided by GTWP administrative personnel and for estimated miscellaneous expenses associated with those services.

Supporting affidavits submitted by petitioners indicate that the administrative services rendered date as far back as August 2000. The affidavits also show, however, that GTWP did not bill petitioners for any of these services or for any of the miscellaneous expenses before October 31, 2003, some 6 months after petitioners filed their motion for reasonable litigation and administrative costs and shortly after this Court ordered petitioners to provide additional support for their claimed costs.[11]  Ms. West's affidavit states:  "These invoices have been incurred but not yet been paid by Victor and Judith A. Grigoraci."

Petitioners have not persuaded us that they were legally obligated, or were even expected, to pay the invoiced amounts. Indeed, petitioners represent that "any fees and expenses paid by the Internal Revenue Service to the Petitioners will promptly be paid to Grigoraci, Trainer, Wright & Paterno."  From this statement, and absent any suggestion to the contrary, we infer that petitioners will not pay any expenses to GTWP unless and until this Court awards costs under section 7430.[12]  In these

---

[11] Ms. West's affidavit states that on Oct. 31, 2003, she prepared invoices from GTWP to petitioners for the administrative personnel expenses and miscellaneous costs at issue and that on Nov. 3, 2003, she prepared an invoice of $240 for the costs of preparing petitioners' reply to respondent's response.

[12] In fact, the record does not suggest that the administrative services performed on petitioners' behalf by GTWP

(continued...)

circumstances, we cannot award costs. See <u>Swanson v.</u>
<u>Commissioner</u>, 106 T.C. 76, 101 (1996).

Petitioners contend that they "have <u>incurred</u> these
reasonable fees to Grigoraci, Trainer, Wright & Paterno and both
Pamela S. Lyons and Gina West should qualify as a representative
and, if not, surely these are reasonable expenses for the
Petitioners to incur as pro se." Respondent concedes that Ms.
Lyons and Ms. West have Centralized Authorization File numbers,
which might allow those individuals to represent taxpayers before
the IRS. Nonetheless, nothing in petitioners' supporting
materials or affidavits suggests that either Ms. Lyons or Ms.
West performed services for petitioners in a representative
capacity. On the contrary, their services appear to have been

---

¹²(...continued)
employees resulted in any incremental cost to either GTWP or
petitioners. Given that the employees who rendered these
services worked under Mr. Grigoraci's direct supervision and that
he was C.E.O. of GTWP, it might reasonably be inferred that these
services were rendered as an accommodation to him in that
capacity. In these circumstances, we are unpersuaded that
petitioners are entitled to shift to respondent a portion of what
appears to be GTWP's fixed overhead. Moreover, we note that Ms.
West's affidavit states that the invoiced amounts were based on
the lowest "customary" GTWP billing rates used for the named
employees during the relevant time periods. Presumably, the
customary GTWP billing rates include a profit margin that would
accrue partly to the benefit of Mr. Grigoraci, as an indirect
partner in GTWP. At least to that extent, the invoiced amounts
represent a lost opportunity cost, which petitioners are not
entitled to recover under sec. 7430. See <u>Corrigan v. United</u>
<u>States</u>, 27 F.3d 436, 439 (9th Cir. 1994); <u>United States v.</u>
<u>McPherson</u>, 840 F.2d 244, 245 (4th Cir. 1988); <u>Frisch v.</u>
<u>Commissioner</u>, 87 T.C. 838, 845-846 (1986).

clerical in nature. More fundamentally, even if we were to assume, for sake of argument, that Ms. Lyons and Ms. West acted as petitioners' representatives, this circumstance would be insufficient to meet the section 7430 requirement that the cost of their services be "incurred". See Kruse v. Commissioner, supra; Thompson v. Commissioner, T.C. Memo. 1996-468.

In conclusion, petitioners have failed to show that they "incurred" the claimed administrative personnel expenses or the associated miscellaneous expenses. Moreover, they have acknowledged that most of the claimed administrative personnel expenses relate to the Grigoraci I proceedings and have failed to establish how much of the claimed miscellaneous expenses relates to this proceeding. We have found that only $60 of the claimed filing fees relates to the instant proceedings. Giving effect to respondent's concession, we hold that petitioners are entitled to an award of $60 for these filing fees.

E. Punitive Damages

Petitioners also request that we award punitive damages against respondent. There is no statutory authority for this Court to consider petitioners' claim for punitive damages against the Internal Revenue Service; consequently, we have no

jurisdiction to do so.  See <u>Petito v. Commissioner</u>, T.C. Memo. 2002-271.

<u>An order and order of dismissal for lack of jurisdiction will be entered</u>.