T.C. Memo. 2019-114

UNITED STATES TAX COURT

DAVID K. WAGSTAFF AND JEFFREY A. DAVIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22658-17.　　　　　　　　　Filed September 5, 2019.

David K. Wagstaff and Jeffrey A. Davis, pro sese.

<u>Jeannine A. Zabrenski</u> and <u>Audra M. Dineen</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:　The matter before us is petitioners' motion pursuant to Rule

231[1] for an award of reasonable litigation or administrative costs and fees (motion

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue
Code (Code) in effect at all relevant times.

[*2] for costs) under section 7430(a). In their motion for costs, petitioners have requested $154.98 in costs and that this Court adopt a rule proposed by petitioners. Respondent has conceded all relevant points related to the request for $154.98 in costs but continues to oppose petitioners' request that this Court adopt the proposed rule. The primary issue before this Court is whether, in addition to granting petitioners' motion for $154.98 in costs, this Court should adopt petitioners' proposed rule.

Background

Petitioners were issued an SSA-1099, Social Security Benefit Statement, by the Social Security Administration (SSA) for the 2014 tax year that reported a "workers' compensation offset" of $14,055.60, which is taxable income. Despite what was reported on the SSA-1099, petitioners did not receive any workers' compensation in or for the 2014 tax year and filed their tax return excluding the workers' compensation offset. When petitioners filed their tax return, they included a statement notifying respondent that the SSA-1099 they had received contained incorrect information and a compensation payment history printout from the U.S. Department of Labor's website showing that they did not receive workers' compensation in 2014. Additionally, petitioners included a letter dated June 5, 2015, from the SSA directed to the U.S. Department of Labor Office of

[*3] Workers' Compensation Benefit Information requesting petitioners' workers' compensation benefit information.

In October 2016 respondent notified petitioners of certain proposed changes to their tax return, including the inclusion of the SSA-1099 income. Between October 2016 and October 2017 petitioners supplied multiple items to respondent from other Federal agencies that showed that the SSA-1099 may have been incorrect. Respondent, based on the position that the SSA-1099 was accurate, issued a notice of deficiency on July 31, 2017, determining a $3,763 deficiency in petitioners' tax for the 2014 tax year. Petitioners claim that they were able to secure and deliver documentation to respondent at that time showing that the SSA-1099 was incorrect, but respondent appears to have lost the documentation.

Petitioners brought this issue to Senator Cory Booker's office, which enlisted the assistance of the Taxpayer Advocate Service. Additionally, petitioners timely filed a petition with this Court on October 30, 2017.[2] Following the intervention of the Taxpayer Advocate Service, respondent reversed his position, issued a "no change" certification that petitioners' 2014 tax return was accepted as filed, and mailed petitioners a proposed decision document reflecting his concession of the deficiency.

---

[2]Petitioners were residents of New Jersey when they filed their petition.

**[*4]**   On January 8, 2019, petitioners filed their motion for costs under section 7430(a) and Rule 231 requesting $154.98 in costs consisting of a Tax Court filing fee, postage, and travel expenses.  Petitioners additionally requested that this Court adopt a rule that would be applied when two or more Federal agencies provide conflicting information to a taxpayer, the taxpayer discloses the conflict in his or her return, the taxpayer provides documentation supporting his or her position, and the taxpayer continues to respond timely to respondent.  Under petitioners' proposed rule, if all of these requirements are met, respondent would be prevented from seeking a deficiency, hold the taxpayer harmless, request the immediate assistance of the Federal agencies involved to resolve the conflict, be required to keep the taxpayer informed, and provide the taxpayer with notice and an opportunity to be heard before making an assessment.

On March 4, 2019, respondent replied to petitioners' motion for costs, and argued that petitioners had failed to file an affidavit attesting that they had met the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (2012) as required by Rule 231(b)(4).  Respondent conceded all other points necessary for petitioners' motion for $154.98 in costs to be granted.  Additionally, respondent opposed petitioners' request that this Court adopt petitioners' proposed rule on the grounds that this Court does not have jurisdiction to adopt, or order respondent to adopt, the

**[\*5]** proposed rule.  This Court ordered that petitioners file a reply to respondent's response to their motion for costs, which they did on May 6, 2019.  Petitioners attached as an exhibit to their reply a qualifying affidavit that demonstrated petitioners met the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B).  In a second response filed on June 5, 2019, respondent conceded that petitioners satisfied the net worth requirement of 28 U.S.C. sec. 2412(d)(2)(B) as required by Rule 231(b)(4).  Respondent has now conceded all points related to petitioners' motion for $154.98 in costs.

Respondent continues to oppose petitioners' request that this Court adopt petitioners' proposed rule on the grounds that this Court does not have jurisdiction to adopt, or order respondent to adopt, the proposed rule. We agree with respondent that we do not have jurisdiction to adopt petitioners' proposed rule.

<u>Discussion</u>

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.  <u>See</u> sec. 7442; <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985) ("It is well settled that the Tax Court is a court of limited jurisdiction, and * * * [it] may exercise * * * [its] jurisdiction only to the extent authorized by Congress.").  If the Court does not have jurisdiction to consider an issue, then despite a party's choice of the Tax Court as a forum to

**[*6]** settle the dispute, the Court may not decide the issue.  <u>Naftel v. Commissioner</u>, 85 T.C. at 530.

Section 7430, relating to administrative or litigation costs, does not grant this Court the authority to create and adopt the type of rule that petitioners have proposed, nor does any other section of the Code.  <u>See</u> <u>Grigoraci v. Commissioner</u>, 122 T.C. 272 (2004) (determining Court lacked statutory authority to award punitive damages).  Consequently, we do not have jurisdiction to adopt such a rule.

We will grant petitioners' motion for $154.98 in costs but deny petitioners' request that we adopt their proposed rule.

In reaching our decision we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.