T.C. Memo. 2005-53

UNITED STATES TAX COURT

BRADLEY K. MORRISON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18140-03.               Filed March 23, 2005.

<u>William E. Taggart, Jr.</u>, for petitioner.

<u>Patricia Montero</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>: Respondent determined the following
deficiencies in and accuracy-related penalty on petitioner's
Federal income taxes:[1]

_____

[1]  All amounts are rounded to the nearest dollar.

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1999 | $87,780 | $17,556 |
| 2000 | 4,075 | -- |

After concessions,[2] the issues for decision are: (1) Whether payments made on behalf of petitioner or disbursements directly to petitioner by Caspian Consulting Group, Inc., during 1999 and personal charges petitioner made on a company credit card in 2000 were constructive dividends; and (2) whether petitioner is liable for an accuracy-related penalty under section 6662(a)[3] for 1999.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Belmont, California, at the time he filed his petition.

Petitioner owned 40 percent of the outstanding stock of Caspian Consulting Group, Inc. (Caspian). Petitioner provided "technical services and expertise to * * * [Caspian's] service and support teams." Nariman Teymourian (Mr. Teymourian) owned the remaining 60 percent of the Caspian stock.

---

[2] Petitioner conceded that he had additional interest income of $227 in 2000.

[3] Unless otherwise stated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

During 1999, Caspian paid $40,000 to the Internal Revenue Service and $8,000 to the California Franchise Tax Board to satisfy petitioner's tax liabilities. Caspian also made disbursements of $200,000 and $32,623 directly to petitioner during 1999. These payments and disbursements will hereinafter be referred to as the 1999 payments and disbursements.

During 2000, petitioner charged $26,338 to a company credit card for personal items (2000 personal charges). Petitioner reimbursed Caspian $14,059 through payroll deductions in 2000.

OPINION

I. Burden of Proof

Petitioner does not assert that section 7491(a) shifts the burden of proof to respondent. Petitioner also did not satisfy the requirements of section 7491(a)(2). Therefore, petitioner bears the burden of proof. Rule 142(a).

II. Loan Analysis

Petitioner contends that the 1999 payments and disbursements and the 2000 personal charges were loans. Respondent determined that the 1999 payments and disbursements and the 2000 personal charges were constructive dividends to petitioner.

The Court of Appeals for the Ninth Circuit defines a loan as "'an agreement, either express or implied, whereby one person advances money to the other and the other agrees to repay it upon such terms as to time and rate of interest, or without interest,

as the parties may agree.'" Commissioner v. Valley Morris Plan, 305 F.2d 610, 618 (9th Cir. 1962) (quoting Natl. Bank v. Fid. & Cas. Co., 131 F. Supp. 121, 123 (S.D. Ohio 1954)). The Court of Appeals determines whether a transaction is a loan by examining the transaction as a whole. See Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068 (9th Cir. 1992); Estate of Chism v. Commissioner, 322 F.2d 956, 960 (9th Cir. 1963), affg. Chism Ice Cream Co. v. Commissioner, T.C. Memo. 1962-6.

In Welch v. Commissioner, 204 F.3d 1228, 1230 (9th Cir. 2000), affg. T.C. Memo. 1998-121, the Court of Appeals found the following seven factors relevant in determining whether a transaction qualified as a true loan:

> (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule for repayments was established; (4) whether collateral was given to secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan. * * *

The seven factors are nonexclusive, and no single factor is dispositive. Id. The seven factors form a general basis upon which the Court of Appeals analyzes transactions. Id.

A factor evidencing a loan is the lender's charging the borrower interest. A partner of the accounting firm that prepared petitioner's individual income tax return and Caspian's corporate income tax return testified that the $14,059 deducted

from petitioner's salary was a payment for the interest that accrued in 2000 on the 1999 payments and disbursements. The partner testified that in 2000 interest accrued at the rate of 6.2 percent. We find that this factor weighs in favor of petitioner.

Repayments to the lender from the borrower are evidence of a loan. Petitioner partially repaid his debt in 1999 by transferring $53,869 to Caspian. Petitioner credibly testified that he repaid the balance of the 1999 payments and disbursements and the 2000 personal charges. We find that this factor weighs in favor of petitioner.

A loan may exist if the borrower had a reasonable prospect of repaying the loan and if the lender had sufficient funds to advance the loan. Petitioner's 1999 payments and disbursements totaled $280,623. Petitioner's 2000 personal charges totaled $26,338.

Petitioner reported adjusted gross income of $132,351 and $159,973 in 1999 and 2000, respectively. We find that petitioner had a reasonable prospect of repaying the advanced amounts.

The corporate income tax returns for Caspian listed taxable income of $1,257,491 and $360,116 for 1999 and 2000, respectively, and total income of $4,839,233 and $11,414,363 for 1999 and 2000, respectively. We conclude that Caspian had

sufficient funds to advance the amounts.  Therefore, this factor weighs in favor of petitioner.

The conduct of the parties may indicate the existence of a loan.  The conduct of petitioner and Caspian was consistent with the existence of a loan.  Petitioner repaid the entire loan. Petitioner testified that the 1999 payments and disbursements were used to purchase a house and pay tax liabilities.  The 2000 personal charges were used for personal expenses.  We find that this factor weighs in favor of petitioner.

After reviewing the above factors, we conclude that the 1999 payments and disbursements and the 2000 personal charges were loans.

III. Penalty

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax (1) attributable to a substantial understatement of tax or (2) due to negligence or disregard of rules or regulations.  Sec. 6662(b).

We have found for petitioner on the issue of whether the 1999 payments and disbursements were loans.  Therefore, there is no underpayment of tax for 1999 on which a penalty may be

imposed.  Sec. 6662(d)(1)(A).  Accordingly, we do not sustain respondent's penalty determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.