T.C. Memo. 2006-103

UNITED STATES TAX COURT

BRADLEY K. MORRISON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18140-03.                    Filed May 15, 2006.

<u>William E. Taggart, Jr.</u>, for petitioner.

<u>Patricia Montero</u>, for respondent.


MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on petitioner's motion for award of litigation costs and related costs pursuant to section 7430 and Rule 231.[1]  We see no reason

_____

    [1]  All references to sec. 7430 are to that section of the Internal Revenue Code as amended and in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

for an evidentiary hearing on this matter. See Rule 232(a)(2). Accordingly, we rule on petitioner's motion on the basis of the parties' submissions and the existing record. See Rule 232(a)(1). The portions of our opinion on the merits in the instant case, <u>Morrison v. Commissioner</u>, T.C. Memo. 2005-53 (Morrison), that are relevant to our disposition of this motion are incorporated herein by this reference.

After concessions[2], the issues for decision are: (1) Whether petitioner paid or incurred any attorney's fees; (2) whether respondent was substantially justified in his position before petitioner made his qualified offer; (3) whether petitioner unreasonably protracted the proceedings; and (4) whether the costs claimed are reasonable.

Background

Respondent issued a notice of deficiency to petitioner on July 24, 2003, determining the following deficiencies in and accuracy-related penalty on petitioner's Federal income taxes:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1999 | $87,780   | $17,556              |
| 2000 | 4,075     | --                   |

---

[2] Respondent concedes that petitioner qualifies as a prevailing party based on the qualified offer made on or about Apr. 5, 2004, meets the net worth requirement, and exhausted all administrative remedies.

Petitioner timely petitioned this Court for redetermination based on respondent's notice of deficiency. Respondent filed an answer with this Court.

Petitioner submitted a qualified settlement offer to respondent in which petitioner offered to settle the case for an increase in petitioner's income tax liability for 1999 in the amount of $100 and for an increase in petitioner's income tax liability for 2000 in the amount of $117. Respondent did not accept this qualified offer.

The issues for decision in Morrison were: (1) Whether payments made on behalf of petitioner or disbursements directly to petitioner by Caspian Consulting Group, Inc.[3] (Caspian), during 1999 and personal charges petitioner made on a company credit card in 2000 were constructive dividends; and (2) whether petitioner was liable for an accuracy-related penalty under section 6662(a) for 1999.

On March 23, 2005, this Court filed a memorandum opinion finding for petitioner, that the 1999 payments and disbursements and the 2000 personal charges were loans and not constructive dividends. Therefore, there were no deficiencies in tax for petitioner for the years 1999 and 2000 except for the item

_____

[3] Petitioner owned 40 percent of the outstanding stock of Caspian Consulting Group, Inc., a C corporation.

petitioner conceded before trial.[4]  Additionally, this Court found that there is no underpayment of tax for 1999 on which a penalty may be imposed.

Petitioner filed a motion for award of litigation costs and related costs.  Petitioner seeks to recover either: (1)  The litigation costs incurred from the date of respondent's issuance of the notice of deficiency to petitioner through the date of this Court's issuance of its opinion, March 23, 2005, and related costs, or (2) the litigation costs incurred for professional services from the date petitioner made a qualified offer of settlement, April 5, 2004, through the date of this Court's issuance of its opinion, March 23, 2005, and related costs.  Caspian has agreed to pay all litigation costs incurred on behalf of petitioner, and Caspian is entitled to be reimbursed out of any recovery of litigation costs that petitioner receives.

Petitioner also seeks to recover the costs incurred as a result of bringing the motion for award of litigation costs and related costs.  Moreover, petitioner seeks to recover the costs incurred as a result of preparing the reply to respondent's opposition to petitioner's motion for award of litigation costs and related costs.

---

[4]  Petitioner conceded before trial that he had failed to report $227 of income on his 2000 return.

## Discussion

Section 7430 provides for the award of litigation costs incurred in connection with a court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of litigation costs may be made where the taxpayer (1) is the "prevailing party", (2) exhausted available administrative remedies, (3) did not unreasonably protract the judicial proceeding, and (4) claimed reasonable litigation costs. Sec. 7430(a), (b)(1), (3), and (c). These requirements are conjunctive, and petitioner has the burden of establishing that all of these requirements have been satisfied. See Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 496-497 (1987).

For the reasons stated below, we find it unnecessary to address whether the position of the respondent was substantially justified in this matter, whether petitioner unreasonably protracted the proceedings, or whether the costs claimed are reasonable.

## Petitioner Must Pay or Incur Fees and Costs

A party's award for litigation costs is limited to the costs that the party actually paid or incurred. Sec. 7430(a)(2), (c)(1)(B)(iii); Foothill Ranch Co. Pship. v. Commissioner, 110 T.C. 94, 101 (1998)(holding that a partner may receive an award for litigation costs only to the extent such fees paid by the

partnership are allocable to that partner); Frisch v. Commissioner, 87 T.C. 838, 846 (1986); Republic Plaza Props. Pship., T.C. Memo. 1997-239 (holding that a taxpayer is not entitled to litigation costs where the taxpayer is not obligated to pay any of the litigation costs at issue); Thompson v. Commissioner, T.C. Memo. 1996-468 (holding that a wife cannot be awarded litigation costs that were paid by her husband). We have defined the word "incur" as "to become liable or subject to: bring down upon oneself." Frisch v. Commissioner, supra at 846.

Petitioner concedes that Caspian agreed to pay all litigation costs incurred on behalf of petitioner, and petitioner did not pay any litigation costs. Because Caspian, a separate entity, paid all litigation costs in issue, petitioner did not "bring down upon" himself any debt. We therefore cannot award costs to petitioner because petitioner did not actually pay or incur any litigation costs. See Grigoraci v. Commissioner, 122 T.C. 272 (2004); Foothill Ranch Co. Pship. v. Commissioner, supra.

To reflect the foregoing,

An appropriate order will

be issued.