T.C. Memo. 2009-146


UNITED STATES TAX COURT


MICHAEL JOSEPH BENT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 28702-08.                    Filed June 23, 2009.


        The IRS examined P's returns for 6 tax years and,
in July 2006, issued a Form 886A as to P's liability
for those years.  Without submitting to the IRS a
request for administrative costs and without receiving
any IRS decision as to costs, P filed a Tax Court
petition for administrative costs for those years in
March 2008 in docket No. 5622-08, under I.R.C.
sec. 7430(f)(2), with an attachment that requested
costs.  In August 2008 the Court dismissed the petition
for lack of jurisdiction because no decision denying P
an award of administrative costs had been made by the
IRS.  P then orally requested the IRS to consider that
petition as an application for costs, but the IRS took
no action.  In November 2008 P filed another Tax Court
petition for administrative costs, alleging that his
petition in docket No. 5622-08, which had been served
on the IRS in March 2008, was a written request for
costs, and that agency non-action for 6 months there-
after constituted a constructive agency decision under
sec. 301.7430-2(c)(6), Proced. & Admin. Regs.  R moved

to dismiss for lack of jurisdiction, on the ground that no agency decision within the meaning of I.R.C. sec. 7430(f)(2) had been issued.

Held: Neither P's March 2008 filing of his Tax Court petition nor his August 2008 oral request constituted the filing of an application for administrative costs under I.R.C. sec. 7430(b)(4).

Held, further, in the absence of a written application for administrative costs, no constructive decision will be considered to have been issued under sec. 301.7430-2(c)(6), Proced. & Admin. Regs., as a result of the agency's non-action for 6 months.

Held, further, R's motion to dismiss for lack of jurisdiction will be granted and this case will be dismissed for lack of jurisdiction on the ground that R has not issued any decision--either actual or constructive--denying P's request for administrative costs that would confer jurisdiction on this Court under I.R.C. sec. 7430(f)(2).

Held, further, in the alternative, if P's March 2008 petition in docket No. 5622-08 is treated as a request for administrative costs, it was filed more than 90 days after the IRS's final decision as to the determination of the tax, so that the application was untimely and recovery of costs is barred under I.R.C. sec. 7430(b)(4).

Michael Joseph Bent, pro se.

Jason M. Kuratnick, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge: Petitioner Michael Joseph Bent seeks this Court's review, pursuant to section 7430(f)(2) and

Rules 270-272,[1] of an alleged denial, by the Internal Revenue Service (IRS), of an award of administrative costs. The case is now before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the IRS never issued a decision denying a request by Mr. Bent for administrative costs. Mr. Bent filed an opposition to respondent's motion, and several other papers that the Court is treating as supplements to his objection.[2] In those papers Mr. Bent contends that he did file a written request with the IRS, and that the IRS, by non-action for 6 months, is deemed to have made a decision denying his request. We will grant respondent's motion.

## Background

Some of the facts alleged in respondent's motion are disputed, and many of Mr. Bent's allegations are unsubstantiated. However, we assume Mr. Bent's allegations to be true, for purposes of respondent's motion, and we therefore assume (but do not find) the following facts:

Mr. Bent alleges that the IRS examined his tax returns for the 6 tax years 1997, 1998, 1999, 2000, 2001, and 2003, and that

---

[1] Unless otherwise indicated, all section citations refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended. All Rule citations refer to the Tax Court Rules of Practice and Procedure.

[2] Mr. Bent submitted a motion for summary judgment, but since Rule 121(a) provides that such a motion may not be filed until 30 days after the pleadings are closed, and since respondent has not yet filed his answer, Mr. Bent's motion is premature.

he incurred costs in that process. He claims that in the audit for 1999, the IRS determined that no changes were necessary to Mr. Bent's tax as reported.[3] He states that thereafter, on July 14, 2006, the IRS concluded the audits for the other 5 years by issuing a Form 886A, Explanation of Items, that likewise made no change in the liabilities as reported for those years.[4]

On March 5, 2008 (i.e., more than a year and a half after the IRS allegedly issued the Form 886A), Mr. Bent attempted to obtain an award of these costs by filing a petition for costs in this Court. A four-page attachment to Mr. Bent's petition in docket No. 5622-08 contained at least some of the information required by section 301.7430-2(c)(3), Proced. & Admin. Regs. (26 C.F.R.) to be included in applications for administrative costs. The attachment was notarized and was made "under penalty of law".[5] For purposes of this opinion, we assume that the contents

---

[3]In his objection to respondent's motion, Mr. Bent alleges that the audit of the other 5 tax years "followed" a "1999 audit which determined there were no reporting nor tax changes necessary", so that any 1999 audit determination must have pre-dated July 2006.

[4]The petition cites (but does not submit) an "IRS Form 886A dated 7/14/06", and suggests that this form was issued in conjunction with the conclusion of "closed, resolved audits for T[ax] Y[ears] 1997, 1998, 2000, 2001 and 2003 [that] have resulted in no reporting nor tax changes in any petitioner filed personal or business returns".

[5]Cf. sec. 301.7430-2(c)(3)(i)(E), (ii), Proced. & Admin. Regs. (requiring an affidavit from the taxpayer). Mr. Bent's invocation of the "penalty of law" was arguably in substantial

(continued...)

of the attachment were substantially in compliance with the requirements for an application for costs. However, the attachment bore the name and address of the Tax Court, in the manner of an inside address on a business letter, and bore the title "Petition under Rule 230-231(b) Statements". That case was assigned docket No. 5622-08, and on March 18, 2008, the Clerk of Court served the petition (with its attachment) on respondent pursuant to Rule 21(b)(1).[6]

In that prior case respondent moved to dismiss the petition for lack of jurisdiction. The Court granted that motion by its order entered August 18, 2008. The order held that Mr. Bent had failed to show that the IRS ever issued a decision denying administrative costs, as required by section 7430(f)(2). The order also observed that Mr. Bent had failed to show that he ever

---

[5](...continued)
compliance with 28 U.S.C. section 1746 (2006), which provides for unsworn declarations "under penalty of perjury" to be used in lieu of affidavits.

[6]We take judicial notice of the record in docket No. 5622-08, pursuant to Fed. R. Evid. 201. Mr. Bent's petition also alleges facts about his filing a petition in docket No. 17338-07L (a collection due process case under section 6330(d))--i.e., that it was filed August 3, 2007, and was served on respondent on August 7, 2007. However, that August 2007 petition makes no mention of administrative costs and could not possibly be construed as a request for such costs. Moreover, the August 2007 petition was filed more than 90 days after the Form 886A was allegedly issued in July 2006. An August 2007 filing would not have complied with the deadline of section 7430(b)(4).

submitted to the IRS a written request for administrative costs, as required by section 7430(b)(4).

Interpreting his submissions in the manner most favorable to him, we infer that on August 22, 2008, Mr. Bent asked the IRS to treat his petition in docket No. 5622-08 as a written request for administrative costs.[7] He does not attach a copy of, nor even allege, a written request to this effect, so we assume it was oral. The IRS never responded to this request. Mr. Bent filed his petition in this case on November 25, 2008. Respondent moved to dismiss this case for the same reasons that the prior case was dismissed--i.e., that Mr. Bent failed to submit to the IRS a written request for administrative costs, as required by section 7430(b)(4), and that the IRS never issued a decision denying administrative costs, as required by section 7430(f)(2) before such a suit can be maintained.

### Discussion

I.  This Court's jurisdiction over a petition for administrative costs depends on an IRS decision denying a request for such costs.

The Tax Court is a court of limited jurisdiction. We may exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). The statutory grant of jurisdiction for petitions for administrative

---

[7]See petitioner's second supplement to objection, filed March 3, 2009.

costs is section 7430(f)(2), which provides that a "decision[8] granting or denying (in whole or in part) an award for reasonable administrative costs under subsection (a) by the Internal Revenue Service shall be subject to the filing of a petition for review with the Tax Court". (Emphasis added.) That is, our jurisdiction depends upon "a decision * * * by the Internal Revenue Service" that rules on a taxpayer's request for costs, and upon the filing of a timely petition with this Court. See Salazar v. Commissioner, T.C. Memo. 2002-157.

A.   A taxpayer may submit to the IRS a request for "administrative costs" incurred during agency consideration of the taxpayer's liability.

In section 7430 Congress has provided that a taxpayer may recover from the IRS certain costs relating to administrative proceedings in which the taxpayer substantially prevails. Section 7430(a) provides as follows:

> SEC. 7430(a). In General.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--

---

[8]Under section 7430(f)(2) this Court's jurisdiction depends on the IRS's having issued a "decision granting or denying * * * administrative costs". The IRS's decision as to costs under section 7430(f)(2) should be distinguished from a "decision" as to tax under section 7430(b)(4), i.e., "the final decision of the Internal Revenue Service as to the determination of the tax", which starts the 90-day period within which the application for costs must be filed.

> (1) reasonable administrative costs incurred
> in connection with such administrative proceeding
> within the Internal Revenue Service * * *.

Section 7430(b)(4) provides the means by which a taxpayer must request administrative costs and provides a 90-day deadline by which he must make that request:

> (4) Period for applying to IRS for administrative
> costs.--An award may be made under subsection (a) by
> the Internal Revenue Service for reasonable
> administrative costs only if the prevailing party files
> an application with the Internal Revenue Service for
> such costs before the 91st day after the date on which
> the final decision of the Internal Revenue Service as
> to the determination of the tax, interest, or penalty
> is mailed to such party.

That is, the request for administrative costs must be submitted within 90 days of a "final decision" by the IRS regarding the taxpayer's tax, interest, or penalties. The regulations define a "final decision" as--

> the document which resolves the tax liability of the
> taxpayer with regard to all tax, additions to tax and
> penalties at issue in the administrative proceeding
> (such as a Form 870 or closing agreement), or a notice
> of assessment for that liability (such as the notice
> and demand under section 6303), whichever is earlier
> mailed, or otherwise furnished, to the taxpayer. * * *

Sec. 301.7430-2(c)(5), Proced. & Admin. Regs. Mr. Bent seems to contend that the Form 886A issued to him in July 2006 (which is not in the record before us) was such a "final decision".[9] We

---

[9]Mr. Bent puts forth the Form 886A as the final decision for 5 of the tax years, and says that it "followed" the agency's resolution of his 1999 year. Thus, the "final decision" for 1999 must have been even earlier than July 2006. See supra note 3.

(continued...)

assume that a "final decision" was rendered on Mr. Bent's tax liability in July 2006 and that Mr. Bent therefore had an occasion to submit a request for administrative costs.

B.  <u>A taxpayer may petition this Court to review an adverse IRS decision--either an actual decision or a construct- ive decision--on a request for administrative costs</u>.

A taxpayer dissatisfied with the IRS's action on a request for administrative costs may petition this Court for relief pursuant to section 7430(f)(2), which provides:

> A decision granting or denying (in whole or in part) an award for reasonable administrative costs under subsection (a) by the Internal Revenue Service shall be subject to the filing of a petition for review with the Tax Court * * *.  If the Secretary sends by certified or registered mail a notice of such decision to the taxpayer, no proceeding may be initiated under this paragraph unless a petition is filed before the 91st day after the date of such mailing.

Thus, a decision rendered in a formal notice starts the running of a 90-day period for filing suit.  However, if a taxpayer makes a written request for administrative costs but the IRS simply fails to mail any notice of a decision, then after 6 months that agency non-action can "be considered" an adverse decision, pursuant to the regulations.  Section 301.7430-2(c)(6), Proced. & Admin. Regs., provides:

---

[9](...continued)
Since an agency act as late as July 2006 was too early (as we show below), and an even earlier decision as to 1999 would therefore be even more disadvantageous to the petitioner here, our discussion treats the July 2006 action as the relevant "final decision" and does not make a separate analysis for an earlier "final decision" for 1999.

> The Internal Revenue Service is authorized, but not required, to notify the taxpayer of its decision to grant or deny (in whole or in part) an award for reasonable administrative costs under section 7430 and this section by certified mail or registered mail.  If the Internal Revenue Service does not respond on the merits to a request by the taxpayer for an award of reasonable administrative costs <u>filed under paragraph (c)(1) of this section</u> within 6 months after such request is filed, the Internal Revenue Service's failure to respond may be considered by the taxpayer as a decision of the Internal Revenue Service denying an award for reasonable administrative costs.  [Emphasis added.]

That is, if a taxpayer files a written request "under paragraph (c)(1)" of the regulation, then IRS non-action for 6 months is considered an adverse decision that may be petitioned under section 7430(f)(2) to the Tax Court.  See <u>Salazar v. Commissioner</u>, <u>supra</u>.  On the other hand, if the taxpayer fails to file a written request "under paragraph (c)(1)", then IRS non-action could not constitute a constructive decision that could be petitioned to the Tax Court.

    C.   <u>A constructive agency decision on a taxpayer's request for administrative costs arises from agency non-action only after the proper filing of such a request</u>.

As we have already noted, an IRS "decision" conferring jurisdiction on this Court may be either a notice sent by certified or registered mail (which starts the running of a 90-day deadline for the taxpayer to file a petition, under section 7430(f)(2)) or a constructive decision (under section 301.7430-2(c)(6), Proced. & Admin. Regs.) arising from 6 months of agency non-action.  As we understand his contentions,

Mr. Bent alleges no actual denial of his request for administrative costs but does allege that the IRS constructively denied his request by allowing 6 months to pass without taking action on his request. In order for IRS non-action to be considered a decision denying an award of costs, there must first have been (in the words of section 301.7430-2(c)(6), Proced. & Admin. Regs.) "a request by the taxpayer for an award of reasonable administrative costs <u>filed under paragraph (c)(1)</u>" (emphasis added) of the regulation.

II. <u>Mr. Bent failed to file an application for administrative costs, so there has been no constructive decision on such a request, and this Court therefore lacks jurisdiction over his petition</u>.

    A. <u>Mr. Bent's filing of his petition in docket No. 5622-08 did not constitute the filing of an application for costs</u>.

Mr. Bent contends that his prior Tax Court petition that he filed in docket No. 5622-08 itself constitutes his written request to the IRS for costs, pursuant to section 7430(b)(4) and section 301.7430-2(c)(6), Proced. & Admin. Regs., and that the IRS's failure to respond to his request within 6 months is considered a decision to deny the award of costs, under paragraph (c)(6) of the regulation.

However, under paragraph (c)(6) that 6-month period begins to run only after "a request * * * [is] filed under paragraph (c)(1)". Paragraph (c)(1)) in turn calls for "a written request to recover reasonable administrative costs <u>in</u>

accordance with the provisions of this section" (emphasis

added)--i.e., section 301.7430-2, Proced. & Admin. Regs.--and

paragraph (c)(2) thereof provides as follows:

> (2) Where request must be filed.--A request required by paragraph (c)(1) of this section must be filed with the Internal Revenue Service personnel who have jurisdiction over the tax matter underlying the claim for the costs * * *.  However, if those persons are unknown to the taxpayer making the request, the taxpayer may send the request to the Internal Revenue Service office that considered the underlying matter.

This regulation obviously does not name the Clerk of the Tax

Court as a proper recipient of an application for costs, and he

could not be the IRS's agent for receiving such applications.

It is true that the IRS is served with a copy of all

petitions by the Clerk of the Court, pursuant to Rule 21(b)(1).

However, in Tax Court litigation the IRS is represented by

litigating attorneys from the Office of Chief Counsel, sec. 7452,

who are neither "the Internal Revenue Service personnel who have

jurisdiction over the tax matter underlying the claim for the

costs" nor "the Internal Revenue Service office that considered

the underlying matter."  We cannot treat the IRS's litigating

personnel as the equivalent of its administrative personnel and

ignore the specific requirements of the regulation.[10]

_____

[10]Cf. Agri Fin. Servs., Inc. v. State Tax Commn., No. 2:93-CV-04568, 1997 WL 1047940 (W.D. Mo., Feb. 18, 1997) (filing of complaint in court, which was "served upon the attorney representing the State Tax Commission, a division of the [Missouri] Department of Revenue * * * constituted a proper claim

(continued...)

Moreover, no IRS attorney receiving the petition could have supposed that the attachment to the petition in docket No. 5622-08 was intended to serve as an administrative application for costs. The attachment did not claim to be an application, but instead was identified as a submission to the Tax Court under Tax Court Rules. And whether or not Mr. Bent understood it, the petition to which it was attached presupposed the prior submission of an application and thus implicitly contradicted the notion that an attachment to that petition could somehow constitute the application on which the petition must be based.

A taxpayer who wants to claim administrative costs must first file an application with the IRS and then file a petition with the Tax Court, and he may not instead treat the lawsuit as an indirect mechanism for filing his application with the agency.

    B.    <u>Mr. Bent's oral request that the IRS consider his petition in docket No. 5622-08 did not constitute the filing of an application for costs</u>.

Mr. Bent's petition in docket No. 5622-08 was dismissed in August 2008. If thereafter Mr. Bent orally requested that his petition be treated as an application, then that oral request did not constitute a proper application for costs under section 7430(b)(4). In enacting section 7430(b)(4), Congress provided

---

    [10](...continued)
for refund under" State law requiring only that such a claim "be filed with the director of revenue").

that costs can be awarded "only if the prevailing party <u>files</u> an application". (Emphasis added.) This terminology requires an application that can be "filed"--i.e., something in writing.[11] An oral request cannot be "filed". Moreover, an oral request made to the IRS's litigating attorney would be misdirected, for the reasons explained above (in part II.A). Thus, Mr. Bent's oral request did not constitute an application for costs.[12]

---

[11]Cf. <u>Sicanoff Vegetable Oil Corp. v. United States</u>, 149 Ct. Cl. 278, 286, 181 F. Supp. 265, 269 (1960) (the predecessor to section 7422(a) "says that no suit may be maintained in any court for the refund of taxes '* * * until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.' We have no doubt that the statute contemplates claims filed in writing. * * * Conversations between the plaintiff's accountant and the agent of the Internal Revenue Service may not serve as a substitute for a written claim for refund").

[12]If, contrary to our holding in part II.B, the attachment to Mr. Bent's prior petition did become an application in August 2008 when he made an oral request that it be so treated, then the 6-month period of section 301.7430-2(c)(6) did not begin to run until that time. A deemed denial of the application would not have arisen until February 2009--but his petition in the instant suit was filed in November 2008. Our jurisdiction over a given case is determined at the time the suit is filed, see <u>Charlotte's Office Boutique, Inc. v. Commissioner</u>, 425 F.3d 1203, 1208 (9th Cir. 2005), affg. 121 T.C. 89 (2003) and T.C. Memo. 2004-43; and when this suit was filed in November 2008 it would have been premature: The 6 months had not yet run; no constructive decision had yet arisen; and the Court therefore lacked jurisdiction over the case.

C.   <u>The lack of a written application precludes the existence of a deemed decision denying costs, and the Court therefore lacks jurisdiction</u>.

In the absence of a request "filed" (as required by section 7430(b)(4) of the statute and section 301.7430-2(c)(1) of the regulations), there is no event that could begin the running of the 6-month period of paragraph (c)(6) of the regulation. Therefore, no deemed or <u>constructive</u> decision denying costs ever occurred under that subsection; and, as we have already observed, there was no <u>actual</u> decision denying costs.  The grant of jurisdiction in section 7430(f)(2) provides that a "<u>decision</u> * * * shall be subject to the filing of a petition for review with the Tax Court".  (Emphasis added.)  In this case there is no decision to review; and as a result, this Court lacks jurisdiction to entertain Mr. Bent's petition.

III.  <u>In the alternative, Mr. Bent's petition fails to state a claim as to which relief can be granted</u>.

If we did have jurisdiction to proceed to the merits of Mr. Bent's petition for costs, we would have to hold that he has failed to state a claim as to which relief could be granted. Under section 7430(b)(4), an award can be made by the IRS "only if the prevailing party files an application with the Internal Revenue Service for such costs before the 91st day after the date on which the final decision of the Internal Revenue Service as to the determination of the tax, interest, or penalty is mailed to such party."  If (as Mr. Bent alleges) by a Form 886A issued in

July 2006 the IRS did make a "final decision" as to taxes, interest, or penalties that gave rise to the administrative costs he now seeks, then Mr. Bent's written request for those costs was due 90 days after that July 2006 determination, i.e., in October 2006--not in March 2008 when his prior Tax Court petition was in fact filed and served. Mr. Bent's petition in this case and his papers filed in opposition to respondent's motion do mention additional agency actions,[13] but none of them was recent enough to render timely a March 2008 request for administrative costs.

Mr. Bent did not file with the IRS any written request for administrative costs other than his Tax Court petition in docket No. 5622-08. Considered as a request for costs, that petition was untimely under section 7430(b)(4)); and for that reason at least[14] his application for fees would have to be denied.

_____

[13]For example, Mr. Bent alleges in his supplement filed March 27, 2009: that "an examination report [for unidentified years was] closed 10/8/02"; a "6/9/03 determination by the 2002 examination that no taxes were owed"; that "the 1998 return had been examined by Holtsville and closed with no changes as entered on my Transcript 10/08/02"; that "Ogden Tax Technician Brown's Form 4549 and 886A [was] dated 11/13/03"; that a "Notice of Deficiency for 1998 [was issued] on 3/31/04"; and that "T[ax] Y[ear] 2001 was accepted as filed 3/19/04 and 3/15/05". All these alleged acts took place more than 90 days before Mr. Bent's petition in docket No. 5622-08 was served in March 2008. Neither his petition nor his motion papers allege any agency event as having occurred in the period beginning December 18, 2007, and ending March 18, 2008.

[14]We cannot tell whether Mr. Bent actually incurred any
(continued...)

## Conclusion

Because there is no IRS decision that denies a request for the administrative costs that Mr. Bent's petition seeks--neither an actual decision, nor a constructive decision deemed to have been made under section 301.7430-2(c)(6)--this Court lacks jurisdiction under section 7430(f)(2) over the petition, and it must be dismissed.  Therefore, respondent's motion to dismiss for lack of jurisdiction will be granted.

To reflect the foregoing,

<u>An appropriate order of</u>

<u>dismissal for lack of</u>

<u>jurisdiction will be entered</u>.

---

[14](...continued)
"reasonable administrative costs" within the meaning of section 7430(c)(2), which defines administrative costs to include costs incurred on or after the earliest of the following: (1) the date on which the taxpayer receives from respondent's Appeals Office a notice of decision, (2) the date of respondent's notice of deficiency, or (3) the date respondent mails a first letter of proposed deficiency giving the taxpayer a right to protest to respondent's Appeals Office (commonly referred to as a 30-day letter).  See <u>Kwestel v. Commissioner</u>, T.C. Memo. 2007-135.  On the modest record now before us, we cannot tell whether Mr. Bent ever received any such notices.