T.C. Summary Opinion 2009-169

UNITED STATES TAX COURT

KEITH ROBERT CALDWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9011-08S.                    Filed November 18, 2009.

Keith Robert Caldwell, pro se.

<u>Scott Little</u>, for respondent.

MORRISON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioner Keith Robert Caldwell[1] resided in Virginia at the time his petition was filed.

This case, which relates to Caldwell's 2006 tax, is very similar to Caldwell v. Commissioner, T.C. Summary Opinion 2008-77, which related to his 2004 tax. The procedural history of each case is similar in the following respects.

(1) Caldwell filed a petition disputing respondent IRS's disallowance of his alimony deduction for the relevant year.

(2) The IRS conceded that the alimony deduction was to be allowed in full and that he would have no deficiency for the year. The IRS conceded the previous case (i.e., the case relating to his 2004 tax) because Caldwell supplied additional substantiation for the alimony deduction, including (a) the court order requiring Caldwell to pay the alimony and (b) documents showing that the amount of retirement income Caldwell reported on his return was being reported to him gross, not net, of the alimony (a tax deduction in the latter situation would have been duplicative). We infer that this additional substantiation may

---

[1]Caldwell has previously represented to the Court that he has a doctorate in management.

be what led the IRS to concede the alimony deduction in this case as well.

(3)  Caldwell refused to agree to any stipulations reflecting the IRS's concession.  In the previous case, he refused to agree to the stipulations at least in part because he wanted the IRS to also stipulate an issue relating to his 2003 tax year (even though the Court advised him that the issue was not before it) and to "stipulate" that it would not audit him with respect to the alimony issue for other years.  We do not know why he refused to agree to stipulations in this case.  He simply stated that he would not do so until the Court responded to the motion discussed below.

(4)  Caldwell filed a motion for (a) reasonable litigation and administrative costs under section 7430; and (b) other types of relief that we do not have authority to provide.

Caldwell's request in the previous case, purportedly entirely under section 7430, was for $100,000 tax-free.  We infer from the amount requested, the absence of any indication that he had costs potentially recoverable under that section (which generally allows recovery only of a taxpayer's direct costs of an audit or litigation, such as accountant's and attorney's fees and court costs), and his vague reference in the motion in that case to "significant physical and mental harm as well as financial loss" that most of the amount instead reflected compensation for

generalized distress caused by the litigation and preceding audit.

Caldwell's request in this case is for reasonable litigation and administrative costs and for an apology from the Commissioner of Internal Revenue and a change in the IRS's procedures to protect him from "erroneous" audits. Caldwell titled the motion in this case (i.e., the 2006 case) "Motion to Require the Respondent to Provide a Written Letter of Apology to the Petitioner, and to Reimburse the Petitioner Administrative Costs Related to Filing and Processing Legal Actions Relevant to this Case." For convenience, we refer to the parts requesting reimbursement of costs as the "Request for Costs," and to the parts requesting an apology and other relief as the "Request for Apology."[2]

The IRS filed an objection to the motion in this case, which we discuss below to the extent necessary to decide the motion.

In neither case did Caldwell's motion state, nor did anything else before the Court indicate, what Caldwell's litigation and administrative costs were (aside from a $60 filing

---

[2]Rule 54(b) requires in relevant part that "Unless otherwise permitted by the Court, motions shall be separately stated and not joined together * * *." Although Caldwell's motion might more properly have been made as two separate motions, we decline to question it on that ground because neither the IRS's ability to respond to the motion nor the Court's ability to decide it have been adversely affected. See Rule 1(d) ("The Court's Rules shall be construed to secure the just, speedy, and inexpensive determination of every case.").

fee for each case) or suggest that the costs were substantial. Caldwell did not pay a lawyer or other representative to represent him in this case.

In the previous case, the Court issued an order on March 13, 2008, before Caldwell filed the foregoing motion in that case (or the corresponding motion in this case) which provided in part as follows.

> At an oral status report on this matter * * *. * * * petitioner indicated his desire to seek administrative and or litigation costs, pursuant to section 7430 and Rule 230 et seq. [Fn. ref. omitted.]

> *     *     *     *     *     *     *

> The Court advises petitioner that litigation and administrative costs are limited to substantiated, out of pocket costs incurred in addressing the tax dispute currently before the Court * * *.[3] * * * In the event that petitioner elects to request an award of reasonable litigation and administrative costs pursuant to section 7430, petitioner should review section 7430 and follow the requirements outlined in Rules 230 through 233, particularly Rule 231(b) [requiring certain specific assertions] and (d) [requiring an affidavit describing the costs].

> [3] In section 4 of his petition, petitioner states, in part: "The Petitioner's requested relief in this matter is $50,000.00." In his January 29, 2008, memorandum * * * petitioner demands a $100,000 tax-free payment from the government to avoid public disclosure of respondent's actions in challenging petitioner's claimed alimony deduction. The Tax Court is a court with jurisdiction strictly limited by statute. We may exercise our jurisdiction only to the extent authorized by Congress. See sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Petitioner should be mindful of the Court's limited jurisdiction in any claim he might choose to make in this proceeding. For example, the Tax Court does not have jurisdiction to consider claims for punitive damages against the Internal Revenue

Service.  <u>Grigoraci v. Commissioner</u>, 122 T.C. 272, 280 (2004); <u>Petito v. Commissioner</u>, T.C. Memo 2002-271. See also <u>Chocallo v. Commissioner</u>, T.C. Memo 2004-152.

## Discussion

### No Deficiency or Overpayment

The IRS has conceded all issues other than those relating to Caldwell's motion discussed below, and we accept the IRS's concessions.  Accordingly, the Court will enter a decision of no deficiency or overpayment for Caldwell's 2006 taxable year.  See <u>Fazi v. Commissioner</u>, 105 T.C. 436, 444 (1995) ("It is within this Court's discretion to accept or reject a concession.").

### Request for Apology

The part of Caldwell's motion which we characterize as a "Request for Apology" asks that we require the IRS to enter into the record "a written apology to the Petitioner, signed by the Commissioner, Internal Revenue Service", which must "explain the steps that the IRS has taken to prevent future acts of erroneous tax audits that were demonstrated in the IRS audit of the Petitioner's tax filings [for] 2006, 2004, and 2003."

The Tax Court may exercise jurisdiction only to the extent authorized by Congress.  See sec. 7442; <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  The question of the Court's jurisdiction is fundamental and must be addressed when raised by a party or on the Court's own motion.  See <u>Estate of Young v. Commissioner</u>, 81 T.C. 879, 880-881 (1983).  If we find that we do

not have jurisdiction to consider an issue, then despite a party's choice of the Tax Court as a forum to settle the dispute, we may not decide the issue. Naftel v. Commissioner, supra at 530.

Despite the Court's warning to him in the previous case that the Court's powers to grant relief are limited, Caldwell has not stated why he believes that we have jurisdiction to order the Commissioner of Internal Revenue to apologize to him or to order the IRS prospectively to change its procedures. The IRS objected to the Request for Apology on the ground that Congress has not, through section 7430 (relating to administrative or litigation costs) or otherwise, authorized us to grant such relief.[3] We agree.

We lack jurisdiction to order the IRS to grant the relief requested in the Request for Apology, or similar relief, and will accordingly deny the Request for Apology.

Request for Costs

We construe the remainder of Caldwell's motion (Request for Costs) as a motion for reasonable litigation and administrative costs under section 7430. (Caldwell has not stated what rule of

---

[3]The IRS further argued that the Federal Government's sovereign immunity would prevent us from granting such relief. Since nothing of which we are aware even suggests we could grant the relief, we need not consider whether sovereign immunity prevents us from granting it.

law may authorize us to consider the Request for Costs, but we are not aware of any other than, possibly, section 7430.)

Rule 231(b) requires that a section 7430 motion be in writing and contain, among other things:  a statement that the moving party has exhausted the administrative remedies available to such party within the IRS; a statement that the moving party has not unreasonably protracted the Court proceeding, and, if the claim includes a claim for administrative costs, the administrative proceeding; and a statement of the specific litigation and administrative costs for which the moving party claims an award, supported by an affidavit in the form specified by Rule 231(d).

Despite being directed by this Court to present his motion for costs in the previous case in accordance with Rule 231 and receiving an explanation in the Court's opinion in that case that his failure to do so was one of the reasons his motion for costs was denied, Caldwell appears to have ignored Rule 231(b) entirely in filing the Request for Costs.  He did not include any of the statements discussed above, or ever indicate what his administrative or litigation costs may have been aside from his $60 filing fee.

The IRS objected to Caldwell's Request for Costs, stating, among other things, that Caldwell failed to exhaust his administrative remedies, failing, for example, to participate in

an IRS Appeals office conference; that he unreasonably protracted administrative and Court proceedings by not responding to an IRS auditor's requests for information and by refusing to agree to the IRS's full concession of this case (aside from the motion); and that he failed to state what costs he is claiming.  Since it is clear that Caldwell failed to state that he exhausted his administrative remedies within the IRS--and the record before the Court does not otherwise indicate that he exhausted them--we shall simply deny the motion on that ground.[4]

Although Rule 174(b) provides that "[t]rials of small tax cases will be conducted as informally as possible consistent with orderly procedure," and we on occasion relax procedural rules in such cases, we see no reason to direct that any further action be taken before denying the Request for Costs for failure to comply with our Rules (which section 7463(a) authorizes us to apply to a

---

[4]The Request for Costs does not clearly indicate whether it seeks "administrative costs", which sec. 7430(c)(2) defines basically as costs associated with an IRS audit, "litigation costs", which sec. 7430(c)(1) defines basically as costs associated with a Tax Court case, or both.  We infer from its title's reference to "filing and processing legal actions relevant to this case" and its statement that the IRS "forced" him to file the petition that the motion seeks litigation costs at least.  We observe from the absence of any mention in the record before the Court of an unsuccessful request to the IRS for administrative costs that Caldwell likely did not make such a request.  Such a failure would leave us without jurisdiction even to consider whether to award him administrative costs.  See secs. 7430(b)(4), (f)(2); Bent v. Commissioner, T.C. Memo. 2009-146 ("A taxpayer who wants to claim administrative costs must first file an application with the IRS and then file a petition with the Tax Court * * *.").

so-called "small tax case" such as this one).  Although this Court has twice before explained to Caldwell that a motion for administrative or litigation costs must conform to section 7430 and Rules 230-233, he has made no effort to comply with these rules.  Moreover, he declined the Court's offer at a calendar call for this case (in a trial session at Washington, D.C., close to his address--his home, we infer--in an outer suburb of the city) to schedule a hearing to discuss the case and motion.

The Court has considered all of Caldwell's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.