T.C. Memo. 2013-160

UNITED STATES TAX COURT

MARIE GAYLE SAMUELSON CARPENTIER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14718-12.[1]                     Filed July 1, 2013.

Marie Gayle Samuelson Carpentier, pro se.

<u>Sarah E. Sexton</u>, for respondent.

_____

    [1]This case was docketed as a "small tax case" in accord with petitioner's designation on her petition.  At trial respondent moved for and petitioner did not object to the removal of this case from the small tax case category.  The Court granted respondent's motion, and the docket number has been changed accordingly.

[*2]        MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Petitioner seeks our review, pursuant to section 6404(e),[2] of respondent's final determination denying her request for abatement of interest on her 2004 income tax liability.  For purposes of trial respondent has conceded that petitioner is entitled to an abatement of interest on her 2004 income tax liability.  The remaining issues for our consideration are:  (1) whether the Court has jurisdiction to consider the effect that respondent's delay regarding the 2004 examination had upon interest on petitioner's 2005 tax liability; and (2) whether respondent's interest computation is correct.

## FINDINGS OF FACT[3]

Petitioner resided in California when her petition was filed.  Petitioner's husband, Jack Carpentier (now deceased), operated a yacht charter company, leasing his 51-foot Bluewater Coastal Cruiser for use in the San Francisco, California, area.  Late in 2003 Mr. Carpentier was diagnosed with Parkinson's disease, and his yachting business was sold during 2004.  The Carpentiers used

---

[2]Section references are to the Internal Revenue Code in effect at all relevant times.

[3]The parties' stipulation of facts is incorporated by this reference.

[*3] TurboTax to prepare their 2004 tax return. The information concerning the sale of the yacht and the yachting business was entered into the TurboTax program and reflected on the 2004 return.

Petitioner and her husband's 2004 joint Federal income tax return was selected for audit, and they attended their first meeting with respondent's examining agent (agent) during August 2006. During the meeting it became clear to the Carpentiers that the information entered into the TurboTax program with respect to the sale of the yacht was in error as to the handling of depreciation. They offered to amend their return, the agent declined, and instead he conducted an intensive three-hour examination. The rapport between the Carpentiers and the agent deteriorated throughout the meeting and concluded with the agent's providing the Carpentiers with a list of information and documents needed to complete the examination.

In the months following the initial meeting, the agent continued to make requests for additional information, and by October 2006 the Carpentiers were dissatisfied with the agent's approach and skeptical of his intentions. They requested that a different agent be assigned to their 2004 examination, but no response from respondent was forthcoming. During November 2006 the Carpentiers received additional requests for information from the agent. In

**[*4]** November 2006 Mr. Carpentier was hospitalized, and because of his critical condition, they requested additional time to provide the information; however, their request was denied.

The Carpentiers then contacted the Taxpayer Advocate's Office. After that they did not hear from the agent, and again they requested and were denied a reassignment of their examination to another agent. At this point the Carpentiers requested that the agent close the examination and allow them to proceed to Appeals, but the agent refused. The delay continued for about one year, and on December 22, 2007, Mr. Carpentier had a stroke and died in the hospital.

Petitioner made additional requests for a new examiner in early 2008, which were also denied. After that petitioner hired a tax professional to address any issues remaining on the 2004 return and to prepare an amended 2004 return. She was advised by the agent that any amended return had to be processed through him. Because of the deteriorated relationship with the agent and because he had originally rejected petitioner's attempt to file an amended return, petitioner filed the amended return with the Fresno, California, Internal Revenue Service Center, where her original 2004 return had been filed. The Fresno Service Center sent the amended return to the agent.

[*5] The issues raised during the 2004 examination also affected petitioner's 2005 tax return. Because of the delay encountered during the 2004 examination petitioner was not able to amend the 2005 return, and as a result she incurred interest on the resulting 2005 income tax liability.

During 2009 a notice of deficiency was issued to petitioner for her 2004 tax year. She filed a petition which the Court docketed as No. 4374-09S. Respondent determined a $26,824 income tax deficiency and an accuracy-related penalty of $5,364.80. Early in 2010 petitioner met with an Appeals officer. A settlement of the 2004 tax deficiency was reached, and the Court entered an agreed decision on February 26, 2010, thereby concluding petitioner's deficiency proceeding. The parties agreed that there was no income tax deficiency for 2004 but that there was an accuracy-related penalty of $3,052.80.

Petitioner requested an abatement of interest on the 2004 income tax deficiency. On December 2, 2011, respondent denied her request, and on December 15, 2011, petitioner sought Appeals review of the denial. The Appeals officer on April 18, 2012, issued a Full Disallowance--Final Determination notice denying her request for an abatement of interest, and on June 11, 2012, petitioner filed a petition disagreeing with the disallowance.

**[*6]** The parties have stipulated that petitioner is entitled to an interest abatement on her 2004 income tax liability for interest accruing during the period December 6, 2006, through June 11, 2012.

OPINION

Respondent concedes that petitioner is entitled to an interest abatement. Two questions remain: whether in this 2004 interest abatement proceeding the Court has jurisdiction to consider the effect and/or the merits of any interest abatement for petitioner's 2005 tax year and whether respondent's interest computation for 2004 is correct.

Jurisdiction

The Tax Court is a court of limited jurisdiction. Our jurisdiction to consider interest abatement cases is derived from section 6404. Interest normally begins to accrue on a Federal tax liability from the last date prescribed for payment of such tax and continues to accrue, compounding daily, until payment is made. See secs. 6601(a), 6622. Because interest continues to accrue until paid, interest may be assessed at any time during the period within which the tax to which such interest relates may be collected. Sec. 6601(g).

When the Secretary issues a notice of determination denying a taxpayer's request for abatement of interest under section 6404 and the taxpayer files a timely

**[\*7]** petition for review, section 6404(h) vests this Court with jurisdiction to determine whether the Secretary's failure to abate interest was an abuse of discretion, and if so, to order an abatement. This Court has often observed that Congress did not intend for the Secretary to routinely exercise his authority to abate interest under section 6404(e) and that interest abatement should be granted only "'where failure to abate interest would be widely perceived as grossly unfair'". See Krugman v. Commissioner, 112 T.C. 230, 238-239 (1999) (quoting H.R. Rept. No. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844, and S. Rept. No. 99-313, at 208 (1986), 1986-3 (Vol. 3) 1, 208).

Respondent's concession that petitioner is entitled to an abatement is also a concession of an "abuse of discretion" in disallowing petitioner's request for an abatement of her 2004 interest. This concession obviates the need for the Court, pursuant to the jurisdiction conferred by section 6404, to decide whether the disallowance was an abuse of discretion.

Petitioner, in accord with her petition, contends that the delays with respect to the 2004 tax year caused additional interest to accrue with respect to her 2005 tax year. With respect to petitioner's 2005 tax year, however, the requisite request for abatement, its disallowance, and the filing of a petition in response thereto have not been shown to exist. Accordingly, this Court is without jurisdiction to

**[*8]** decide whether there was an abuse of discretion with respect to petitioner's 2005 tax year.

Amount of Interest Abatement

Regarding the 2004 tax year, the parties stipulated that petitioner is entitled to an interest abatement for the period December 6, 2006, through June 11, 2012. The computation of the amount of interest that accrued during that period is complicated because of changes in the outstanding balance of petitioner's 2004 income tax liability during that period and the continuing accrual and compounding of interest. The parties stipulated a document containing an activity summary of petitioner's 2004 tax account. On the basis of the summary, respondent calculated that the deficiency interest should have been $1,953.20 after considering abatement for the above-stated period. Because respondent had calculated interest of $3,115.67, respondent calculated that interest must be adjusted (reduced) by $1,162.47 (for the period of abatement). Two other adjustments not directly attributable to the abatement result in a net adjustment (reduction) to petitioner's 2004 tax account, resulting in a $1,268.26 refund to petitioner, as of the date of respondent's computation.[4]

---

[4]The final amount may vary because of the potential for interest on petitioner's overpayment caused by the abatement.

[*9]   Petitioner has generally expressed dissatisfaction with respondent's computation.  She believes that she is entitled to a refund of the total amount of interest respondent calculated, $3,115.67.  The parties, however, have agreed that interest should be abated for the period December 6, 2006, through June 11, 2012.  Respondent has accounted for the amount of the abatement of interest and the resulting refund for the agreed period of abatement.  Petitioner has not shown any errors in respondent's calculation or approach to the computation.  The Court's consideration of the activity summary did not reveal inconsistencies or patent errors.

## Conclusion

We hold that the Court lacks jurisdiction over petitioner's 2005 tax year and any possible abatement of interest for that year.  We further hold that petitioner has not shown that respondent's approach to computation of the interest abatement is erroneous.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.