T.C. Memo. 2014-75

UNITED STATES TAX COURT

MARIE GAYLE SAMUELSON CARPENTIER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 14718-12.                    Filed April 29, 2014.

<u>Caroline Tso Chen</u>, for petitioner.

<u>Sarah E. Sexton</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

GERBER, <u>Judge</u>:  We consider here petitioner's motion pursuant to Rule

231 [1] for an award of reasonable administrative and litigation costs and fees under

_____

[*]This opinion supplements our prior opinion, <u>Carpentier v. Commissioner</u>,
T.C. Memo. 2013-160.

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the Internal Revenue

(continued...)

[*2] section 7430. The primary issue is whether under section 7430 petitioner can recover certain administrative and litigation costs and fees incurred in connection with this interest abatement proceeding or other such costs and fees incurred in connection with petitioner's now-closed 2004 deficiency proceedings.

## Background

In August 2006 respondent selected the 2004 return of petitioner and her husband Jack Carpentier for examination. The Carpentiers attended an initial meeting with the examining agent. The rapport between the Carpentiers and the agent quickly deteriorated.

In the months following the initial meeting, the agent made continual requests for additional information, and by October 2006 the Carpentiers were dissatisfied with the agent's approach and skeptical of his intentions. They requested that a different agent be assigned to the examination of their 2004 return, but no response from respondent was forthcoming. During November 2006 the Carpentiers continued to receive additional requests for information from the agent. In November 2006 Mr. Carpentier was hospitalized, and because of his

[1](...continued)
Code in effect at all relevant times. All amounts are rounded to the nearest dollar.

[*3] critical condition they requested additional time to provide the information; however, their request was denied.

The Carpentiers then contacted the Taxpayer Advocate Service office. After that they did not hear from the agent, and again they requested and were denied a reassignment of their examination to another agent. At this point the Carpentiers requested that the agent close the examination and allow them to proceed to Appeals, but the agent refused. The delay continued for about one year, and on December 22, 2007, Mr. Carpentier had a stroke and died in the hospital.

Petitioner made additional requests for a new examiner in early 2008, which were also denied. After that petitioner hired tax professionals to address any issues remaining on the 2004 return and to prepare an amended 2004 return. The agent advised petitioner that any amended return had to be processed through him. Because of the deteriorated relationship with the agent and because he had originally rejected petitioner's attempt to file an amended return, petitioner filed the amended return with the Fresno, California, Internal Revenue Service Center, where her original 2004 return had been filed. The Fresno Service Center sent the amended return to the agent.

**[*4]**    During December 2009 respondent issued to petitioner a notice of deficiency for 2004.  Petitioner filed a petition with this Court at docket No. 4374-09S.  Respondent determined a $26,824 income tax deficiency and an accuracy-related penalty of $5,365.  Petitioner paid the income tax deficiency but contested the accuracy-related penalty.  Early in 2010 petitioner met with an Appeals officer.  A settlement of the remaining issue was reached, and the Court entered the parties' stipulated decision on February 26, 2010.

Thereafter petitioner requested that respondent abate the interest on the 2004 income tax deficiency.  Respondent denied her request, and petitioner asked respondent's Appeals Office to review the denial.  Appeals sustained the denial.

In June 2012 petitioner filed a petition challenging respondent's determination.  Respondent on the eve of trial conceded that petitioner is entitled to an abatement of interest on the 2004 deficiency.  On July 1, 2013, the remaining issues raised in the petition were decided.  See Carpentier v. Commissioner, T.C. Memo. 2013-160.  Petitioner subsequently filed her motion for an award of administrative and litigation costs and fees (award motion).[2]  In the award motion petitioner sought under section 7430 to recover costs and fees of approximately

[2]Petitioner originally filed a motion for costs and fees on April 19, 2013, which the Court denied without prejudice because it was premature.

[*5] $5,500 that she incurred during the administrative and court proceedings concerning her 2004 deficiency.

Early in September 2013 Caroline Chen of the Santa Clara University School of Law Low-Income Taxpayer Clinic began representing petitioner in her pursuit of costs and fees under section 7430.  Near the end of that same month petitioner filed a motion for leave to supplement her award motion.  The Court denied her motion without prejudice.  During January 2014 petitioner again filed a motion for leave to supplement her award motion.  This time the Court granted petitioner's motion and filed her supplement to her award motion.  In the supplement petitioner claims that she incurred in connection with this interest abatement proceeding costs and fees totaling:  (1) $4,125 of costs for the services of Jenkins Income Tax Services (Jenkins) and (2) a $60 filing fee.  Petitioner also claims in the supplement to her award motion that her attorney, Ms. Chen, is entitled to a $6,010 award of attorney's fees for pro bono services rendered in this proceeding.[3]

---

[3]Petitioner asserted in her supplement that Ms. Chen is entitled to the award. Sec. 7430(l)(3)(B); see also Dixon v. Commissioner, 132 T.C. 55, 87 n.29 (2009).

**[\*6]**                                    Discussion

If certain requirements are met, section 7430(a) authorizes an award to a prevailing party of reasonable litigation and administrative fees and costs paid or incurred before or during a court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code.  The taxpayer must establish that she:  (1) is the prevailing party; (2) has exhausted the available administrative remedies; (3) has not unreasonably protracted the court proceedings; and (4) has claimed litigation costs that are reasonable.  Sec. 7430(a), (b)(1), (3).  The moving party bears the burden of proving that she meets the requirements of section 7430.  Rule 232(e).

Petitioner seeks to recover administrative and litigation costs and fees relating to the 2004 deficiency proceedings as well as other such costs and fees relating to the instant interest abatement proceeding.  We address each in turn.

I.  Costs and Fees Relating to the 2004 Deficiency Proceedings

Petitioner contends that under section 7430 she can recover in this proceeding administrative and litigation costs and fees that she incurred in connection with the 2004 deficiency proceedings.  Respondent contends she cannot.  This issue presents a question similar to the one presented in Grigoraci v.

**[\*7]** <u>Commissioner</u>, 122 T.C. 272 (2004), which involved a deficiency proceeding. In this instance, however, we consider the costs and fees a taxpayer may recover under section 7430 in an interest abatement proceeding and the interplay between section 6404 and section 7430.

   A.  <u>Background</u>

   Section 6404(e) authorizes the Secretary to abate interest attributable to unreasonable errors or delays by the Internal Revenue Service in performing a ministerial act or managerial act.  In a proceeding under section 6404(h), this Court has jurisdiction to decide whether the Commissioner's denial of an interest abatement was an abuse of discretion and may order an abatement.[4]  Section 6404(h) does not grant jurisdiction to this Court over the underlying liabilities or deficiencies for the same taxable year.  When the Commissioner determines a deficiency and the taxpayer petitions this Court, that deficiency may not be assessed until a decision is entered, <u>see</u> sec. 6213(a), and an interest abatement

---

   [4]In considering whether the Commissioner abused his discretion in denying an interest abatement claim we may review the facts that transpired during and before the deficiency proceeding for the same taxable period.  Sec. 6404(e).

**[\*8]** case, as a matter of law, cannot be instituted until the conclusion of the deficiency proceeding for the same tax year,[5] sec. 6404(e)(1)(A).

B. Analysis

Section 7430(a) allows "[i]n any administrative or court proceeding" an award of "reasonable administrative costs incurred in connection with such administrative proceeding" and "reasonable litigation costs incurred in connection with such court proceeding". Petitioner contends that the administrative portion of this case includes not only the administrative period within which her interest abatement claim was considered and denied, but also the administrative period and part of the litigation period of her 2004 deficiency proceedings (the same period that was occasioned by the delay that is the foundation for petitioner's successful pursuit of an abatement). Respondent contends that the interest abatement proceeding does not include the administrative or litigation periods relating to petitioner's 2004 deficiency proceedings and therefore petitioner cannot recover any costs from those periods. The question posed concerns the meaning of the term "proceeding" in the context of section 7430(a).

---

[5]That is because the amount of any income tax liability and any interest thereon is unknown and cannot be assessed until the deficiency proceeding is concluded.

**[*9]**   Respondent relies on <u>Grigoraci</u>.  In that case, the taxpayer sought costs and fees for a prior case involving similar issues.  This Court did not allow the taxpayer in <u>Grigoraci</u> to recover costs for a similar type of proceeding involving a different taxable period.  We held that section 7430 limits the recovery of costs and fees incurred to the proceeding currently before the Court because each case constitutes a distinct and separate proceeding for purposes of section 7430.

In this section 6404 interest abatement proceeding, petitioner is seeking costs and fees incurred during the administrative and litigation periods of her 2004 deficiency proceedings.  Even though the interest abatement case concerns the same tax year as the deficiency case, the interest abatement proceeding is statutorily, jurisdictionally, and chronologically separate and distinct from the 2004 deficiency proceedings for purposes of section 7430.  Hence, the costs and fees related to the 2004 deficiency proceedings were not "incurred in connection with" the instant interest abatement proceeding.  We thus hold that petitioner is not eligible to recover those costs and fees.[6]

---

[6]We also note that under Rule 231(a) any award of administrative or litigation costs with respect to the 2004 deficiency proceeding was required to be included in the stipulated decision which the parties submitted to this Court for entry of decision and which this Court entered.  Petitioner, however, did not assert entitlement to any costs or fees in the deficiency proceeding, the decision in which became final some time ago.  Accordingly, allowing petitioner to recover those

(continued...)

**[*10]** We recognize that petitioner's inability to raise an interest abatement claim in her 2004 deficiency proceedings resulted in her inability to be the prevailing party in those proceedings and to recover costs and fees for respondent's delay. Under existing law, however, a taxpayer is left with no remedy or ability to recover costs caused by the delay or actions of the Commissioner's employees during the period giving rise to the abatement of interest claim. That result, as highlighted by the circumstances of this case, is unfortunate and ironic, but something that can be remedied only by Congress.

II. Costs and Fees Relating to the Instant Interest Abatement Proceeding

We now turn to the costs and fees incurred in this proceeding. Those costs and fees include: (1) $4,125 of costs for the services of the professionals at Jenkins Income Tax Services, (2) a $60 Tax Court filing fee, and (3) $6,010 of attorney's fees for the pro bono services of Ms. Chen in this proceeding.[7]

---

[6](...continued)
costs and fees now would be in contravention of Rule 231(a).

[7]The Court may award reasonable attorney's fees for pro bono legal services to the attorney or the attorney's employer, even though a taxpayer does not "incur" those fees. Sec. 7430(c)(3)(B). We also note that reasonable litigation costs may include reasonable fees incurred in connection with a sec. 7430 proceeding itself. See, e.g., Fields v. Commissioner, T.C. Memo. 2002-320.

[*11]   Respondent concedes that petitioner is the prevailing party in this proceeding,[8] that she did not unreasonably protract the proceedings, and that she exhausted all administrative remedies.  Respondent also concedes that petitioner may recover the $60 filing fee for the petition in this case.  Respondent, however, argues that there should not be any award for the costs and fees related to the services of Jenkins and Ms. Chen.

First, respondent argues that petitioner is precluded from recovering any of the costs and fees she seeks because she failed to submit the declarations or affidavits required under Rule 231(d) and Rule 232(d).  We disagree.  Put simply, after reviewing petitioner's filings, we find that petitioner has substantially complied with those rules.

Second, respondent argues that petitioner has not shown that the costs and fees she seeks to recover are reasonable.  We agree in part.  The record does not establish that certain costs of Jenkins relate to this proceeding and fails to establish that others are reasonable.  For instance, a Jenkins invoice indicates that a

---

[8]In his response to petitioner's motion for administrative and litigation costs, respondent conceded that petitioner was the "prevailing party" and as a consequence, see sec. 7430(c)(4), also conceded that petitioner met the net worth requirement of sec. 7430(c)(4)(A)(iii).  Respondent now attempts to withdraw these concessions in his objection to petitioner's motion for leave to supplement her motion for administrative and litigation costs.  We will not allow respondent to play fast and loose with his concessions and hold we that he is bound by them.

**[\*12]** conference call among petitioner, a Jenkins professional, and Ms. Chen lasted six hours. However, Ms. Chen reported that the same conference call lasted three hours. Petitioner does not explain the disparity. Another instance involves a Jenkins cost claimed for a conference with the Appeals Office that purportedly took place a few weeks before trial. The record does not reflect that petitioner's case was with Appeals during that time, nor does it reflect the nature of the purported Appeals conference. Despite peculiarities with certain Jenkins costs, we find that the record reflects that petitioner incurred reasonable Jenkins costs of $2,450.

As for Ms. Chen's fees, the record reflects that a portion of the fees was attributable to insufficient filings or was excessive in amount given the nature of the corresponding services. On the basis of our review of the record, we find that only $2,000 of the claimed fees for Ms. Chen's services was reasonable.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

**[*13]**  To reflect the foregoing,

An appropriate order and

decision will be entered.